Jack SHADIS, Belle Feinberg, Marie Burton, Individually and on behalf of all other persons similarly situated, Appellants,

v.

Frank BEAL, Individually and as Secretary of the Department of Public Welfare, Commonwealth of Pennsylvania, Wilbur E. Hobbs, Individually and as Deputy Secretary of the Department of Public Welfare, Southeastern Region, Commonwealth of Pennsylvania, Leo A. Sullivan, Individually and as Welfare Policy Specialist, Office of Basic Family Maintenance, Department of Public Welfare, Southeastern Region, Commonwealth of Pennsylvania, Don Jose Stovall, Individually and as Executive Director of the Philadelphia County Board of Assistance, Helen Hyde, Individually and as Director of Operations, Philadelphia County Board of Assistance, June Reed, Individually and as District Supervisor, Medical Assistance District Office, Philadelphia County Board of Assistance, Cynthia Anderson, Individually and as Assistant District Supervisor, Medical Assistance District Office, Philadelphia County Board of Assistance, Mildred Davis, Individually and as Assistant District Supervisor, Medical Assistance District Office, Philadelphia County Board of Assistance, and Aurelius Robertson, Individually and as Casework Supervisor, Medical Assistance District Office, Philadelphia County Board of Assistance, William Harden, "John Doe," and John Grady, Appellees.

No. 82–1260.

United States Court of Appeals, Third Circuit.

Argued Oct. 22, 1982.

Decided March 31, 1983.

Alan M. Lerner (argued), Susanna E. Lachs, Philadelphia, Pa., for appellants.

Leroy S. Zimmerman, Atty. Gen., Maria Parisi Vickers (argued), Deputy Atty. Gen., Philadelphia, Pa., for appellees.

Before WEIS and BECKER, Circuit Judges, and VAN DUSEN, Senior Circuit Judge.

## OPINION OF THE COURT

BECKER, Circuit Judge.

This appeal requires us to apply the Civil Rights Attorneys' Fees Awards Act, 42 U.S.C. § 1988 (1976 & Supp.IV 1980) ("the Act"), to an application by a law firm to recover fees for representing another attorney in the prosecution of her application for § 1988 fees. The principal question presented is whether that law firm can recover fees for the time expended in preparing its own fee petition. Concluding that the policies of the Act would not be furthered by the award of counsel fees for those labors, we will affirm the denial by the district court of that facet of the fee application.

### I.

This case was brought in 1975 as a class action on behalf of Medicaid recipients alleging that the defendants, officials of the Commonwealth of Pennsylvania's Department of Welfare, had terminated Medicaid benefits without due process of law. After several years of litigation, the plaintiffs prevailed, and in July 1980, the attorneys for the plaintiff class, Community Legal Services ("CLS") and Carolyn L. Daffron, Esq., moved jointly for an award of attorney's fees pursuant to the Act. Daffron was employed by CLS at the outset of the litigation. From August, 1978 until the merits were concluded, however, she was a consultant to CLS on the case.

The district court acted first on CLS's motion. It granted the motion, awarding CLS a fee of $85,000. *Shadis v. Beal,* 520 F.Supp. 858 (E.D.Pa.1981), *aff'd,* 685 F.2d 824, *cert. denied,* —— U.S. ——, 103 S.Ct. 300, 74 L.Ed.2d 282 (1982). The progress of Daffron's motion was delayed by circum-

stances. Between July 1980, when Daffron first moved for attorney's fees, and September 1980, both she and CLS were represented by CLS attorney Jonathan Stein. In September 1980, at a hearing before the district court, appellees raised questions concerning the relationship between Daffron and CLS. In light of the potential conflict of interest between Daffron and CLS, Daffron retained the firm of Cohen, Shapiro, Polisher, Shiekman, & Cohen ("the Cohen firm"), appellants here, to represent her for the balance of the proceedings.[1] The Cohen firm successfully prosecuted Daffron's fee petition both in the district court and in this court: the district court ruled that Daffron was entitled to a fee of $51,330, *Shadis v. Beal,* No. 75–342 (E.D.Pa. Dec. 9, 1981), and this Court affirmed, 692 F.2d 924 (3d Cir.1982).

Following the granting of Daffron's fee petition, the Cohen firm filed a petition under the Act seeking fees for its representation of Daffron, as well as the fees incurred in preparing its own fee petition. The firm also sought reimbursement of various expenses. Finding that the Cohen firm's petitions were adequately documented, that the number of hours worked were reasonable, that the hourly fees charged were commensurate with the lawyers' skills and experience, and that the quality of work was excellent, the district court granted the petition for $16,631 in fees incurred in prosecuting Daffron's fee petition.[2] The court, however, denied any reimbursement for the time that the Cohen firm had spent in preparing its own fee petition. The court stated that it was "not convinced" that such time was "compensable under the statute." The Cohen firm has appealed from this latter determination.[3]

---

1. The appropriateness of the retention of separate counsel is not at issue on this appeal, and we do not discuss it. Our silence on the issue should not be construed as approval.

2. In calculating the fee, the district court refused the Cohen firm's request that a multiplier of 1.75 be applied to the lodestar. Although the Cohen firm appeals this ruling, we have already made it clear that a multiplier is not applicable to hours devoted to a fee petition. *Baughman*

*v. Wilson Freight Forwarding Co.,* 583 F.2d 1208, 1219 (3d Cir.1978).

3. In its brief on appeal the Cohen firm has pressed its claim for expenses. However, the Notice of Appeal is from the district court's order dated March 12, 1982, awarding $16,-631.00 in attorney's fees only. As for costs, the court in its memorandum accompanying this order stated: "[t]hese items should be submitted to the clerk of the court for taxation,

## II.

The Cohen firm's argument that it is entitled to a fee for the time expended in preparing its own fee petition is based on *Prandini v. National Tea Co.,* 585 F.2d 47 (3d Cir.1978). In *Prandini* we held that attorneys prosecuting a civil rights action are entitled to compensation for the time they spend preparing a fee petition, to the extent such time is *reasonably necessary* to obtaining a reasonable fee award. We found that allowing such fees would further the purposes of the Act: "the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies," *id.* at 53, thus deterring potential defendants from violating the Civil Rights Act. *See Hughes v. Repko,* 578 F.2d 483, 492 n. 5 (3d Cir.1978) (Garth, J., concurring). With these principles in mind, we conclude that the Cohen firm is not entitled to fees for the time it took to prepare its fee petition.

We think that the policies of the Act will be furthered by granting the Cohen firm its fees only to the extent that it stands in Daffron's shoes. Since under *Prandini* Daffron would have been entitled to reasonable fees for preparing her own fee petition, the Cohen firm should be recompensed for the effort they made in her stead. To hold otherwise would be effectively to deny such fees to a prevailing attorney if, for some extraordinary reason, the attorney is unable to prosecute her own fee petition. In that highly unusual circumstance there is no reason to allow the deterrent effect of taxing attorney's fees to the losing party to be reduced merely because the prevailing attorney is unable to prosecute her petition. This proposition is not challenged on appeal.

But the time the Cohen firm spent preparing its own fee petition is not time Daffron would have expended had she prosecuted her own petition for fees. It is an expense that accrues only because a second law firm has entered the lawsuit, and as such we do not think that it is reasonably necessary to obtaining a fee award for the prevailing attorney. Moreover, the connection here between employment as counsel for the attorney of the prevailing party and prosecution of civil rights claims is too attenuated to result in any punitive or deterrent effect on potential violators, or to encourage lawyers to represent indigent clients.[4]

We do not mean to imply any criticism of the Cohen firm for pursuing its fee request. The firm is highly reputable, and, in the absence of guidance from this Court, it has advanced the request in good faith. In our view, however, the Congress did not intend that the right to counsel fees should extend so far. As Judge Higginbotham observed in an earlier opinion in this case, "[t]he federal courts are being required to devote an ever-increasing portion of their time to requests for attorneys' fees. There is a danger that this type of controversy will overshadow the underlying civil rights claims that these lawyers were retained to vindicate." *Shadis v. Beal, supra,* 692 F.2d at 928 n. 5. The district court's order will be affirmed.

---

*and will not be considered here." Shadis v. Beal,* no. 75–3421, slip op. at 5 (E.D.Pa. March 12, 1982) (emphasis added). The issue was thus not decided by the order appealed from (indeed the district court has never decided it) and is not properly before us.

**4.** Indeed, most lawyers will feel an obligation to represent fellow lawyers in fee dispute matters.

In such situations, we must add, it seems unlikely that a law firm would charge another law firm for the time it takes to prepare its own bill. It thus seems inappropriate in policy terms that a law firm should be able to do so merely because the defendant is liable under a fee award statute.