900 F.2d 256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Debra S.W. (Ball) TIMMS, Plaintiff-Appellant,
v.
Herbert S. ROSENBLUM; David Rosenblum; Rosenblum &
Rosenblum, Defendants-Appellees.
 No. 89-1485.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 6, 1990.
Decided: April 4, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-88-1549-A)
 Jack L. Wuerker, Golden, Freda & Schraug, P.C., Washington, D.C. (Argued), for appellant; Lynn Perry Parker, Golden, Freda & Schraub, P.C., Washington, D.C., on brief.
 Francis Joseph Prior, Jr., Sicilliano, Ellis, Dyer & Boccarosse, Fairfax, Va., for appellees.
 E.D.Va., 713 F.Supp. 948.
 AFFIRMED.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Debra S.W. Timms hired attorneys Herbert and David Rosenblum to represent her in a child custody dispute with her former husband. Timms brought this malpractice action against the Rosenblums after they were unsuccessful in helping her to retain custody of her two children. She claimed that the attorneys' negligent and reckless representation caused her to lose custody of her children, and she sought recovery for the expenses needed to regain custody as well as for punitive and mental anguish damages caused by the attorneys' alleged malpractice.
 
 
 2
 Prior to trial, the district court dismissed Timms' claim for mental anguish damages as insufficient under Virginia law. A jury trial commenced on May 16, 1989. After Timms rested her case, the Rosenblums moved for a directed verdict. In response, the district court dismissed Timms' claim for punitive damages after concluding that the evidence did not show reckless conduct on the part of the Rosenblums, but allowed the remaining issues to go to the jury. On May 23, the jury returned a verdict in favor of the Rosenblums.
 
 
 3
 Timms appeals from this adverse judgment. She contends that the district court misapplied Virginia law in instructing the jury concerning causation and in dismissing her claims for mental anguish and punitive damages. She also asserts that the trial judge's conduct deprived her of a fair trial. After carefully reviewing the briefs and hearing oral argument, we affirm the judgment of the district court.
 
 I.
 
 4
 Timms first argues that the district court erred by improperly instructing the jury that Virginia law requires a showing of "but for" causation in attorney malpractice suits. She maintains that the district judge should have offered the jury a multiple proximate cause instruction.
 
 
 5
 The district court's instruction to the jury concerning causation was as follows:
 
 
 6
 Plaintiff has the burden of establishing causation and therefore must show that but for defendants' negligent act or acts she would not have suffered the injury alleged.
 
 
 7
 This instruction is in perfect accord with our interpretation of Virginia law in Stewart v. Hall, 770 F.2d 1267 (4th Cir.1985):
 
 
 8
 [I]t is apparent that Virginia law requires the trier of fact [in an attorney malpractice suit] to consider the merits of the underlying claim. The alleged negligence is actionable only upon a determination that the underlying claim would have been resolved differently but for the attorney's negligence.
 
 
 9
 770 F.2d at 1270 (emphasis added). Stewart requires the plaintiff in a legal malpractice suit to show that she would have received a different result if the attorney's representation had been in accordance with the standard of care. Stewart thus justifies both the district court's "but for" causation instruction and its rejection of a multiple proximate cause instruction.
 
 II.
 
 10
 Timms next contends that the district court erred in dismissing her claim for pain, suffering, and mental anguish damages.
 
 
 11
 In its memorandum opinion, the district court exhaustively surveyed Virginia law and concluded:
 
 
 12
 Absent an allegation and proof of outrageous conduct there is no warrant in Virginia law for allowing recovery of mental anguish damages in legal malpractice cases. The Supreme Court has never permitted it. Nor is there any persuasive argument that Virginia law, as it has developed, would sanction such an extension.
 
 
 13
 The district court rejected Timms' claim for mental anguish damages because she failed to allege that the Rosenblums engaged in outrageous conduct. Our review leads us to agree with both the district court's analysis of Virginia law and its conclusion that Timms failed to allege sufficient facts to warrant mental anguish damages.
 
 III.
 
 14
 Timms next argues that the district court improperly refused to allow her claim for punitive damages to go to the jury. Virginia law allows recovery of punitive damages when the plaintiff shows that the defendant acted "with actual malice, in the sense of personal ill will, or under circumstances of insult, rudeness, or oppression, or in a manner showing reckless and wanton disregard of plaintiff's rights." Giant of Virginia, Inc. v. Pigg, 152 S.E.2d 271 (Va.1967). Timms maintains that the district court erred because a reasonable jury could have concluded that the Rosenblums acted recklessly.
 
 
 15
 We disagree. Whatever the merits of this argument, it is defeated by the fact that the jury returned a verdict in favor of the Rosenblums on the merits of the malpractice claim.
 
 IV.
 
 16
 Timms' final argument is that the district court's conduct deprived her of a fair trial. Specifically, Timms argues that the district court improperly assumed the role of advocate and prejudiced her by showing disdain for her case before the jury.
 
 
 17
 "A trial judge in the federal system has wide latitude to assist juries by explaining, summarizing, and commenting on the evidence. He is not an idle observer of the proceedings, but is the governor of the trial for the purpose of assuring its proper conduct and of determining questions of law." Seidman v. Fishburne-Hudgins Educ. Foundation, Inc., 724 F.2d 413, 417 (4th Cir.1984). In this role, trial judges may "propound questions pertinent to a factual issue which requires clarification ..., intercede because of apparent inadequacy of examination or cross examination by counsel, [and] draw more information from relevant witnesses or experts who are inarticulate or less than candid." Crandell v. United States, 703 F.2d 72, 77-78 (4th Cir.1983). However, a trial judge must remain impartial at all times. Seidman, 724 F.2d at 417.
 
 
 18
 Our review of the record indicates that the trial judge may have been more active in the conduct of the trial than was desirable. Excessive intervention carries the risk that jurors and litigants may perceive that the judge has a predisposed view of the case. On the other hand, trial judges have different styles and must be accorded some latitude in their conduct of proceedings. Our careful review of the trial transcript convinces us that the frequency of the district court's interventions, while perhaps inadvisable, resulted from a desire to clarify issues for the jury and not from any sense of predisposition or bias. We conclude that none of the district court's acts rises to the level of reversible error and that the verdict of the jury in this case should stand.
 
 V.
 
 19
 For the foregoing reasons, the judgment of the district court is
 
 
 20
 AFFIRMED.