IT IS HEREBY ORDERED that defendants' motion to dismiss be and is GRANT-

ED; and that this matter be and is DISMISSED.

**Joyce Ruth WISE, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, and General Motors Acceptance Corporation, Defendants.**

**Civ. A. No. 83–0568–A.**

United States District Court, W.D. Virginia, Abingdon Division.

July 3, 1984.

---

**3.** Plaintiff argues only that "the nature and scope of the hearing in Circuit Court is [sic] undefined and ambiguous." The Court agrees that the nature and scope are undefined, but must presume that they are as unambiguous as any other civil proceeding.

David J. Hutton, Abingdon, Va., for plaintiff.

Stephen E. Hodges, Daniel H. Caldwell, Abingdon, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

GLEN M. WILLIAMS, District Judge.

The plaintiff, Joyce Ruth Wise, has brought an action, alleging the defendants breached their warranties given on a 1983 Oldsmobile that she purchased from Robinette Chevrolet-Olds, Incorporated in Smyth County, Virginia. Specifically, the plaintiff contends that the defendants assured the plaintiff through written warranties covered under the provisions of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312 (1976); express warranties in the contract of sale; and implied warranties of merchantability and fitness for a particular purpose that this vehicle was free from defects in the materials and workmanship. She asserts there are several defects in the electrical system, belts, battery and starter which Robinette Chevrolet-Olds cannot successfully repair after several attempts. These malfunctions allegedly have caused her to suffer severe mental and emotional distress. The plaintiff seeks to revoke her acceptance and recover damages for the full purchase price, incidental and consequential damages, costs and attorney's fees. Ostensibly, jurisdiction is based upon 28 U.S.C. § 1332 and 15 U.S.C. § 2310(d).

The defendants have moved to dismiss the claim seeking damages for "personal injury in the nature of severe emotional distress and mental suffering," contending that under Virginia law no cause of action for emotional distress exists in a breach of warranty action unless actual bodily injury results from the breach. The plaintiff has responded and asserts that injury to the person includes mental suffering and emotional distress. The issue presented to the court is whether, at the pleading stage, allegations of mere mental suffering and emotional distress without actual bodily injury are sufficient to state a claim for consequential damages under the Magnuson-Moss Warranty Act and Va.Code § 8.2–715 (1965).

The federal warranty statute provides in part: "Nothing in this chapter shall invalidate or restrict any right or remedy of any consumer under State law or any other Federal law," and "[n]othing in this chapter ... shall (A) affect the liability of, or impose liability on, any person for personal injury, or (B) supersede any provision of State law regarding consequential damages for injury to the person or other injury." 15 U.S.C. § 2311(b)(1) and (2). The legislative history states that:

Warranties are currently governed by common law and the Uniform Commercial Code. The Uniform Commercial Code has been adopted in forty-nine States (all but Louisiana) and the District of Columbia. In the jurisdictions where

it is in effect, it generally controls the rights of parties in commercial transactions and it is commonly accepted as today's law of sales.

H.Rep. No. 1107, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad. News 7702, 7706. The legislative intent is implicit that Congress meant to retain any right or remedy of any consumer for personal injury existing under state law. *See also id., reprinted in* 1974 U.S.Code Cong. & Ad.News at 7725; S.Con.Rep. No. 1408, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 7755, 7760. Several courts have held that the measure of damages and the nature of damages under state law are applicable to the Magnuson-Moss Warranty Act. *See, e.g., Savl v. BL Ltd.,* 710 F.2d 1027, 1033 (4th Cir. 1983) (determination of whether punitive damages were available under Magnuson-Moss Act rested upon Maryland law); *Mac Kenzie v. Chrysler Corp.,* 607 F.2d 1162, 1166–67 (5th Cir.1979); *Oswald v. General Motors Corp.,* 594 F.2d 1106, 1132 n. 44 (7th Cir.), *cert. denied,* 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979) (discussing, without deciding, whether punitive damages were recoverable under Magnuson-Moss Act depended upon state law for breach of warranty); *Novosel v. Northway Motor Car Corp.,* 460 F.Supp. 541, 545 (N.D.N.Y.1978). Therefore, the determination of whether the plaintiff may recover damages for emotional distress on both counts rests upon the law of Virginia.

The Uniform Commercial Code provides that a buyer may recover consequential damages resulting from the seller's breach for "injury to person or property proximately resulting from any breach of warranty." Va.Code § 8.2–715(2). The Virginia Supreme Court has not addressed the issue whether injury to the person includes mere emotional distress in a breach of warranty action. Consequently, this court sits as a state court to decide the issue.

The Supreme Court of Virginia has recognized a cause of action for the tort of emotional distress, unaccompanied by physical injury, if four elements are shown:

One, the wrongdoer's conduct was intentional or reckless. This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result. Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality. This requirement is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved. Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe.

*Womack v. Eldridge,* 215 Va. 338, 342, 210 S.E.2d 145, 148 (1974). A preliminary question which the court must resolve is:

Whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so. Where reasonable men may differ, it is for the jury, subject to the control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability. Restatement (Second) of Torts, [§ 46, comment h] at 77 [ (1965) ].

*Id.* In *Womack,* the Virginia Supreme Court held that a jury question was presented for emotional distress when the defendant intentionally and deceitfully entered the plaintiff's home to take a photograph of him for her employer to show to two victims of sexual molestation at a preliminary hearing. When he showed the pictures to them, the victims could not identify the man because the accused did not resemble Womack and no evidence indicated that Womack was involved in the child molesting case. In an earlier tort case, the Virginia Supreme Court adhered "to the view that where conduct is merely negligent, not willful, wanton, or vindictive, and physical impact is lacking, there can be no recovery for emotional disturbance alone." *Hughes v. Moore,* 214 Va. 27, 34,

197 S.E.2d 214, 219 (1973). However, the court clarified the rule by holding that

> where the claim is for emotional disturbance *and* physical injury resulting therefrom, there may be recovery for negligent conduct, notwithstanding the lack of physical impact, provided the injured party properly pleads and proves by clear and convincing evidence that his physical injury was the natural result of fright or shock proximately caused by the defendant's negligence. In other words, there may be recovery in such a case if, but only if, there is shown a clear and unbroken chain of causal connection between the negligent act, the emotional disturbance, and the physical injury.

*Id.* (emphasis in original). Thus, the Virginia Supreme Court recognizes the tort of emotional distress if it is willfully and wantonly inflicted or if the defendant's negligent act clearly causes a physical manifestation of the emotional injury.

In a recent unpublished case from the Fourth Circuit Court of Appeals, the panel concluded that in a breach of contract action, the Virginia court would not permit damages for emotional distress and its resulting illness, especially in the absence of pleading the offending conduct in the complaint. *Piper v. Brown,* Nos. 82–1041 and 82–1101, slip op. at 11 (4th Cir. April 4, 1984) (per curiam). The diversity action arose out of a purchase of the Randolph House in Culpeper, Virginia. The plaintiffs alleged as part of their claim that they continued "to suffer aggravation, frustration and mental pain and anguish" from the breach of contract to purchase. At trial the plaintiff intended to call a physician to establish the medical problems resulting from the breach, but the district judge granted partial directed verdict on this portion of the trial. The appellate court upheld this particular ruling but reversed and remanded the case on other grounds.

In a breach of employment contract case, the Virginia Supreme Court avoided the issue *sub judice. Sea-Land Service, Inc. v. O'Neal,* 224 Va. 343, 297 S.E.2d 647 (1982). One question presented on appeal was whether the matter of damages was properly submitted to the jury on either contract or fraud and deceit theories. An agent of Sea-Land Services had told O'Neal that she could have her previous job as a teletype operator-messenger if she would resign her position as sales representative. After she submitted her resignation, the company refused to rehire her. The Virginia Supreme Court permitted the recovery of damages for mental distress once it established that Sea-Land had defrauded O'Neal. *Id.* at 354, 297 S.E.2d at 653. In its discussion, the court noted that a leading commentator says that " 'absent some tort,' damages for 'humiliation or injury to feelings' are not recoverable in an action for breach of [employment] contract. D. Dobbs, [*Handbook on the Law of Remedies*] § 12.25 at 927 [(1973)]." *Id.* The authors of the Restatement have adopted a similar view: "Recovery for emotional disturbance will be excluded unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result." Restatement (Second) of Contracts § 353 (1981). The authors explain this principle as follows:

> Damages for emotional disturbance are not ordinarily allowed. Even if they are foreseeable, they are often particularly difficult to establish and to measure. There are, however, two exceptional situations where such damages are recoverable. In the first, the disturbance accompanies a bodily injury. In such cases the action may nearly always be regarded as one in tort, although most jurisdictions do not require the plaintiff to specify the nature of the wrong on which his action is based and award damages without classifying the wrong. See Restatement, Second, Torts §§ 436, 905. In the second exceptional situation, the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result. Common examples are contracts of carriers and innkeepers with passengers and guests, contracts for the carriage or proper disposition of dead

bodies, and contracts for the delivery of messages concerning death. Breach of such a contract is particularly likely to cause serious emotional disturbance. Breach of other types of contracts, resulting for example in sudden impoverishment or bankruptcy, may by chance cause even more severe emotional disturbance, but, if the contract is not one where this was a particularly likely risk, there is no recovery for such disturbance.

*Id.,* comment a.

The general rule that mental suffering does not constitute an element of recoverable damages in a breach of contract action appears to follow the Restatement. *See Annot.,* 96 A.L.R.3d 299, 417 at § 23 (1979). In a case similar to the one at bar, a Michigan state court examined the common law to determine whether mental distress is a factor in consequential damages. Following an analogous rule to the Restatement provision quoted above, the court concluded that in this typical commercial transaction for sale of goods, "[t]here was no indication in prior hearings that there was any wanton conduct or that this contract was of a very personal nature, and ... that no reasonable jury could compare the situation in the case at bar with any of the case findings on the subject and find that this sale of a car was of such a personal nature so as to allow damages for mental distress." *Woodward v. Naylor Motor Sales,* 14 U.C.C.Rep. 1269, 1275 (Mich.Dist. Ct.1974).

The plaintiff has directed the court's attention to the case of *Hirst v. Elgin Metal Casket Co.,* 438 F.Supp. 906 (D.Mont.1977). In that case, the district court allowed consequential damages for mental suffering alone because the warranted casket had leaked. Judge Smith recognized that this case was an exception:

Rare indeed are the contracts which could give rise to a cause of action for liability based on mental suffering alone, but in my opinion a contract for the sale of a casket is one of those rare contracts. A casket manufacturer who markets a Permaseal casket must intend to market it to those people who have a reverence for the dead body—a wish to preserve the body and to preserve the image of the deceased. A casket manufacturer who sells as leakproof a casket that leaks has failed to meet the very need that formed the incentive to buy. To many this need may not seem very real or substantial, but he who seeks to exploit that need in merchandising is in no position to say so. In cases involving services furnished in connection with deaths and funerals, the courts, recognizing the special nature of the situation, have created special exceptions to the ordinary rules disallowing damages for mental suffering only.

*Id.* at 908 (footnotes omitted). The court reasoned that the term "person" in § 2–715.

embraces the mind as well as the body, and whether in a given case such things as feelings of grief, anxiety, and distress may be distinguished from an actual breakdown of the physical nervous system, it does no violence to the word "person" to hold that that which brings on grief, anxiety, or depression does a damage to the person.

*Id.* (footnote omitted). This court is of the opinion that the case *sub judice,* on its pleadings, does not state facts sufficient to fall within this rare exception.

The court concludes that the courts of Virginia would follow the rule set forth in the Restatement. The Virginia Supreme Court has adopted a comparable standard for emotional distress in tort cases, and the *Sea-Land Service* decision persuades the court that the state court would apply a substantially similar rule in a breach of warranty case. Furthermore, the generally accepted rule among the various jurisdictions which have addressed the issue is that damages for emotional distress are excluded, except in cases where there is bodily impact or where serious emotional distress is likely to result. In these exceptional instances, an independent tort probably could be claimed. In the case

at bar, the plaintiff has failed to sufficiently plead the exceptional circumstances for recovery of emotional distress.

Accordingly, it is ADJUDGED and ORDERED that the defendants' motion to dismiss the claim for emotional distress and mental suffering for failure to state a claim is granted.

The Clerk is directed to send certified copies of this Memorandum Opinion and Order to all counsel of record.