## CIRCUIT COURT OF FAIRFAX COUNTY

Debra S. W. Ball

v.

Herbert Rosenblum et al.

September 22, 1988

Case No. (Law) 75098

By JUDGE THOMAS J. MIDDLETON

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Claim for Damages for pain, suffering, and mental anguish. The motion is granted.

Plaintiff's Motion for Judgment sets forth a cause of action in legal malpractice involving a child custody case, with a count in negligence and a count in breach of contract. Both counts pray for damages in the amount of at least $45,000 for expenses incurred as a result of the alleged malpractice and $250,000 for pain, suffering, and mental anguish.

In Virginia, a breach of contract claim cannot give rise to damages for psyche-related injury unless such damages are recoverable as damages resulting from an independent tort. *See Sea-Land Service, Inc. v. O'Neal,* 224 Va. 343 (1982). The nature of a malpractice action is a breach of contract claim resulting from negligence, negligence that could stand as an independent tort. Therefore, as to both counts in Plaintiff's Motion for Judgment, the Court need examine whether the damages for mental anguish and the like are recoverable in a negligence action.

As to a negligence claim, the law is well settled in Virginia that, absent intentional or reckless conduct, a plaintiff cannot recover damages for mental anguish, unless the mental anguish was consequential from and con-

temporaneous to some physical injury. *See Womack v. Eldridge*, 215 Va. 338 (1974); *Hughes v. Moore*, 214 Va. 27 (1973). Plaintiff cites *Sanford v. Ware*, 191 Va. 43 (1950), in which it is stated that a recovery for emotional injury can be had when the mental anguish is accompanied by physical or *pecuniary* damage. *Id.* at 49. (Emphasis added.) In light of the lack of reference to *Sanford* or pecuniary damage in *Womack*, *Hughes*, or any other Virginia case related to the issue at land, the Court must view *Sanford* (and its reference to pecuniary damage) as an anomaly and not an accurate statement of the law in Virginia.

Because the Motion for Judgment does not set forth facts establishing an allegation of physical injury or any wanton, willful, or reckless intent, the prayer for damages resulting from psyche-related injury must be stricken.