## CIRCUIT COURT OF FAIRFAX COUNTY

B. Vandenburg Hall

 v.

Roger G. Nord

### October 16, 1990

### Case No. (Law) 81329

By JUDGE ROSEMARIE ANNUNZIATA

 This matter is before the Court for decision on defendant Roger G. Nord's Motion to Dismiss plaintiff B. Vandenburg Hall's prayer for recovery for the infliction of distress and/or mental anguish. The prayer for recovery is based on the allegation that the defendant committed legal malpractice in his representation of the plaintiff in the United States District Court of Virginia, on November 21-22, 1983.

 In that case, legal malpractice was likewise at issue. The jury returned a verdict against Mr. Hall for both compensatory and punitive damages. Following this verdict, Mr. Hall discharged Mr. Nord and effected an appeal from the District Court's judgment to the United States Fourth Circuit Court of Appeals.

 On August 27, 1985, the Fourth Circuit vacated the judgment of the District Court and remanded the matter for a new trial. *Stewart v. Hall*, 770 F.2d 1267 (4th Cir. 1985). Prior to the second trial, Mr. Hall settled the malpractice action with Mr. Stewart. Thereafter, Mr. Hall filed the present two count Motion for Judgment in this Court.

 First, it should be noted that the defendant's Motion to Dismiss, which I shall treat as a Motion for Partial Summary Judgment pursuant to Rule 3:18, Rules of the Supreme

Court of Virginia, 1950 as amended, is properly before the court.

Upon consideration of the pleadings in this case, the memoranda of law filed by each counsel, the relevant case law, and taking the facts as pleaded, in a light most favorable to the plaintiff, I find defendant's motion to dismiss the prayer for recovery for mental anguish should be granted. Virginia law does not permit recovery for mental anguish in claims predicated on a breach of contract cause of action, absent allegations that the conduct at issue rises to the level of a separate and independent tort. *See Sea-Land Service, Inc. v. O'Neal*, 224 Va. 343 (1982). Legal malpractice actions may sound either in contract or in tort. *See Oleyar v. Kerr*, 217 Va. 88 (1976). Since this lawsuit sounds in contract, no mental anguish damages are recoverable.

Were Mr. Hall's claim to be considered one sounding in negligence, his claim for mental anguish damages is likewise precluded. *Hughes v. Moore*, 214 Va. 27 (1973) (absent a physical injury, recovery of mental anguish damages is not permitted under Virginia law); *Womack v. Eldridge*, 215 Va. 338 (1974) (mental anguish damages are recoverable only if the wrongdoer's conduct was intentional or reckless, extreme and outrageous); *Naccash v. Burger*, 223 Va. 406 (1982) (father's recovery for mental anguish and damages in a medical malpractice suit allowed but holding was limited to the particular facts of the case in *Myseros v. Sissler*, 239 Va. 8, 9, n. 2 (1990)); *Bulala v. Boyd*, 239 Va. 218, 230 (1990) (father's recovery for emotional distress as a result of injury to his child allowed because it is wholly derivative of the child's claim which was based on defendant's outrageous conduct); *Boyd v. Bulala*, 647 F. Supp. 781, 792 (W.D. Va. 1986) *reconsideration den.*, 672 F. Supp. 915 (W.D. Va. 1987) (District Court, relying on *Naccash*, upheld the jury award of the mental distress damages to a father whose infant daughter suffered severe injuries as a result of defendant physician's outrageous conduct during the child's delivery); *Ball v. Rosenblum*, 18 Va. Cir. 48 (1988) (claim for emotional distress damages in legal malpractice suit dismissed); *see also Timms v. Rosenblum*, 713 F. Supp. 948, 949-950, 955 (E.D. Va. 1989).

I find Mr. Hall fails to set forth any allegations that would bring this cause of action within the ambit of Virginia law allowing recovery for emotional distress.