Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/22/2024 09:10 AM CST

Christian L. Gilbert, plaintiff, v. Christopher
M. Johnson and Cordell & Cordell, P.C.,
a Missouri corporation, defendants.

___ N.W.3d ___

Filed November 22, 2024.   No. S-24-201.

1. **Damages: Words and Phrases.** In contrast to economic losses, noneconomic losses are nonmonetary losses, which include pain, suffering, and other losses that cannot be easily expressed in dollars and cents.
2. **Malpractice: Attorney and Client: Words and Phrases.** Legal malpractice is any professional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties by an attorney.
3. **Malpractice: Attorney and Client: Negligence: Proof: Proximate Cause: Damages.** In a civil action for legal malpractice, a plaintiff alleging attorney negligence must prove three elements: (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) that such negligence resulted in and was the proximate cause of loss (damages) to the client.
4. **Malpractice: Attorney and Client: Child Custody: Damages.** Generally, noneconomic damages will not be recoverable in Nebraska in a legal malpractice action arising from a child custody dispute in which no physical injury has been sustained.
5. **____: ____: ____: ____.** Noneconomic damages in a legal malpractice action arising from a child custody dispute in which no physical injury has been sustained may be recoverable only if an attorney engages in egregious conduct or in conduct that is intended to essentially destroy a parent-child relationship.

Original action. Judgment entered.

Matt Catlett, of Law Office of Matt Catlett, for plaintiff.

A. Victor Rawl, Jr., of Gordon & Rees, L.L.P., for defendants.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

The U.S. District Court for the District of Nebraska has certified the following question to this court: "In what circumstances, if any, may a client recover noneconomic damages in a legal malpractice action arising from a child custody dispute?"

We determine that noneconomic damages may be available in a legal malpractice action arising from a child custody dispute in which no physical injury has been sustained only if an attorney engages in egregious conduct or in conduct intended to essentially destroy a parent-child relationship.

## BACKGROUND

The question arises in a legal malpractice action that Christian L. Gilbert filed against his former attorney, Christopher M. Johnson, and Johnson's law firm, Cordell & Cordell, P.C. Although Gilbert filed suit in state court, the case was removed to federal court and docketed as case No. 4:22-CV-3248.

Gilbert hired Johnson to represent him in a paternity action in the district court for Lancaster County. The mother of Gilbert's child sought to establish Gilbert's paternity and to be awarded custody and child support. The district court entered a temporary custody order in which it awarded custody to the mother and allowed Gilbert parenting time every other weekend. Gilbert alleges that he never agreed to this temporary custody arrangement and that he wanted custody rather than parenting time. Johnson allegedly advised Gilbert that "'there was no way'" the Nebraska court would award Gilbert custody "'and that the visitation set forth in the "Temporary Order" was the most the court would award him.'" Gilbert alleges that this advisement was either "negligently or knowingly

false" and that Johnson failed to advocate for Gilbert's interest in the custody of his child.

Gilbert eventually retained new counsel. The state court awarded the mother sole custody, subject to Gilbert's parenting time. Gilbert alleges that but for Johnson's negligence in representing him, he would have been awarded more than parenting time.

In Gilbert's legal malpractice action, the federal court stated that it was fair to infer that Gilbert was injured by the state court's custody orders, but not economically. The federal court found no decision by this court regarding whether noneconomic damages are recoverable in a legal malpractice action. After reviewing tort law in Nebraska and neighboring jurisdictions, the federal court certified the question to this court.[1] We accepted the request.

## ANALYSIS

The parties disagree regarding the availability of noneconomic damages in a legal malpractice action arising from a child custody dispute. We summarize their arguments.

Gilbert contends that noneconomic damages should be available for legal malpractice in certain circumstances. Those circumstances are where the malpractice (1) results in a parent's actual loss of custody or visitation with a child, (2) is wanton or egregious, or (3) occurs in relationships in which serious emotional harm is especially likely to result. Gilbert contends that disallowing such damages "would immunize attorneys for their conduct in child custody disputes."[2]

Johnson and his law firm advance several reasons why noneconomic damages should not be recoverable. They highlight that child custody decisions require a court to find the order is in the best interests of the child and that parenting time decisions are always subject to change. According to Johnson

---

[1] See Neb. Rev. Stat. §§ 24-219 to 24-225 (Reissue 2016).

[2] Brief for plaintiff at 6.

and his law firm, "allowing such claims will result in a flood of actions being filed in the courts" and "there is no way to quantify the value of a purported loss."[3]

To inform our decision, we first recall our jurisprudence concerning noneconomic damages and legal malpractice. Then, we consider the reasoning of other courts regarding the availability of such damages in legal malpractice actions.

## Noneconomic Damages in Nebraska

[1] In contrast to economic losses, noneconomic losses are nonmonetary losses, which include pain, suffering, and other losses that cannot be easily expressed in dollars and cents.[4] Nebraska law has long allowed recovery for mental suffering and anxiety in negligence actions in which a physical injury has been sustained.[5]

More recently, we have indicated that noneconomic damages may be available in the absence of physical injury under certain circumstances. Those cases, which generally involve intentional or egregious conduct, include actions for intentional infliction of emotional distress,[6] the intentional tort of bad faith,[7] and retaliatory discharge in violation of public policy.[8] In an action for invasion of privacy, the Nebraska Court of

---

[3] Brief for defendants at 13.

[4] *Tolliver v. Visiting Nurse Assn.*, 278 Neb. 532, 771 N.W.2d 908 (2009). See, also, Neb. Rev. Stat. § 25-21,185.08(3) (Reissue 2016); *Gourley v. Nebraska Methodist Health Sys.*, 265 Neb. 918, 663 N.W.2d 43 (2003) (Gerrard, J., concurring; Hendry, C.J., joins).

[5] See, *Hartwig v. Oregon Trail Eye Clinic*, 254 Neb. 777, 580 N.W.2d 86 (1998); *American Water-Works Co. v. Dougherty*, 37 Neb. 373, 55 N.W. 1051 (1893).

[6] See, *Heitzman v. Thompson*, 270 Neb. 600, 705 N.W.2d 426 (2005); *Brandon v. County of Richardson*, 261 Neb. 636, 624 N.W.2d 604 (2001).

[7] See *Millard Gutter Co. v. Shelter Mut. Ins. Co.*, 312 Neb. 606, 980 N.W.2d 420 (2022).

[8] See *Wendeln v. Beatrice Manor*, 271 Neb. 373, 712 N.W.2d 226 (2006).

Appeals concluded a plaintiff may recover damages for mental suffering.[9]

In other cases, we have specifically disallowed noneconomic damages. These cases show a reluctance to expand liability for unintentional conduct.

In *Tolliver v. Visiting Nurse Assn.*,[10] we determined that such damages for pain and suffering were unavailable in a claim against a hospice care program for fraudulent and negligent misrepresentation. We first observed that the tort of fraud or misrepresentation is generally an economic tort asserted to recover pecuniary loss. Under the circumstances, we did not believe damages for pain and suffering were appropriate under a misrepresentation theory because all such damages were also alleged under a negligence cause of action. We explained that resort to a theory of deceit is usually unnecessary when other theories are sufficient to deal with nonpecuniary damages and that a party may not have a double recovery for a single injury.

We disallowed damages for emotional distress in a case involving the death of the plaintiff's daughter's friend.[11] We stated that the plaintiff was neither a "reasonably foreseeable 'bystander' victim based upon an intimate familial relationship with a seriously injured victim of the defendant's negligence," nor a "'direct victim' of the defendant's negligence because the plaintiff was within the zone of danger of the negligence in question."[12] Relying on a U.S. Supreme Court decision,[13] we explained that to allow recovery for all emotional harms, no matter how minor, that might be causally linked

---

[9] See *Sabrina W. v. Willman*, 4 Neb. App. 149, 540 N.W.2d 364 (1995).

[10] *Tolliver v. Visiting Nurse Assn., supra* note 4.

[11] *Catron v. Lewis*, 271 Neb. 416, 712 N.W.2d 245 (2006).

[12] *Id.* at 420, 712 N.W.2d at 249.

[13] *Consolidated Rail Corporation v. Gottshall*, 512 U.S. 532, 114 S. Ct. 2396, 129 L. Ed. 2d 427 (1994).

to another's negligence would open the door to "'nearly infinite and unpredictable liability for defendants.'"[14]

### Legal Malpractice in Nebraska

We have not addressed whether noneconomic damages are recoverable in an action claiming legal malpractice. We recall the well-settled definition and elements of the tort.

[2,3] Legal malpractice is any professional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties by an attorney.[15] In a civil action for legal malpractice, a plaintiff alleging attorney negligence must prove three elements: (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) that such negligence resulted in and was the proximate cause of loss (damages) to the client.[16]

The elements do not limit recovery to economic damages, nor do they specifically authorize noneconomic damages. We have declared that the general measure of damages in a legal malpractice action is the amount of loss actually sustained by the claimant as a proximate result of the attorney's conduct.[17] To enlighten our decision regarding whether noneconomic damages should be available for legal malpractice in a case involving child custody, we consider authority from other jurisdictions.

### Noneconomic Damages in Legal Malpractice Actions

With respect to the broad issue of whether noneconomic damages are recoverable in a legal malpractice action, courts elsewhere have reached different conclusions. However, "the vast majority of jurisdictions do not allow recovery of

---

[14] *Catron v. Lewis, supra* note 11, 271 Neb. at 423, 712 N.W.2d at 250.

[15] See *Egan v. Stoler*, 265 Neb. 1, 653 N.W.2d 855 (2002).

[16] *Bellino v. McGrath North*, 274 Neb. 130, 738 N.W.2d 434 (2007).

[17] *Id.*

emotional distress damages in legal malpractice cases 'where the claim is not premised on intentional acts, physical injury, or particularly egregious conduct.'"[18]

We narrow our focus to those legal malpractice cases involving a familial relationship with a child. Although those cases do not reveal any universal rule concerning the availability of noneconomic damages, certain themes emerge.

Colorado appellate courts have spoken of difficulties in quantifying the loss and the egregiousness of an attorney's conduct. In *McGee v. Hyatt Legal Services, Inc.*,[19] a mother sued for malpractice after child custody orders provided for joint legal custody when the mother sought sole legal custody. The appellate court determined that the mother failed to present a compensable loss, reasoning that it would be impossible to ascertain whether any tangible damages were or will be sustained by the mother because of the custodial order. The *McGee* court recognized that two jurisdictions had permitted a claim for the total loss of custody,[20] but it found those cases unpersuasive because in one, an attorney acted in a fraudulent manner to deprive a mother of custody,[21] and in the other, a mother was able to abscond with her child after her attorney disobeyed a court order.[22] Following *McGee*, a different Colorado appellate division determined that noneconomic damages were unavailable to grandparents who sued for legal malpractice after their attorney failed to secure grandparent visitation rights.[23] That court recognized "concerns about the

---

[18] 3 Barry A. Lindahl, Modern Tort Law: Liability and Litigation § 25:52 at 491 (2d ed. 2024), quoting *Vincent v. DeVries*, 193 Vt. 574, 72 A.3d 886 (2013).

[19] *McGee v. Hyatt Legal Services, Inc.*, 813 P.2d 754 (Colo. App. 1990).

[20] See, *Talbot v. Schroeder*, 13 Ariz. App. 230, 475 P.2d 520 (1970); *McEvoy v. Helikson*, 277 Or. 781, 562 P.2d 540 (1977).

[21] See *Talbot v. Schroeder, supra* note 20.

[22] See *McEvoy v. Helikson, supra* note 20.

[23] See *Froid v. Zacheis*, 494 P.3d 673 (Colo. App. 2021).

difficulty in quantifying the damages arising from the loss of custody caused by an attorney's malpractice."[24]

In answering a certified question, the Wyoming Supreme Court determined that damages for emotional suffering were unavailable in a legal malpractice case alleging that an attorney negligently gave incorrect advice about a child visitation order.[25] The court "view[ed] with favor"[26] the guidance provided by the *McGee* court and stated:

> We take special note of that court's concerns about the impossibility of quantifying intangible injuries to the parent-child relationship, the effect recognition of damages would have on the district court's authority to regulate and supervise custody decisions which must turn on the best interests of the child, the certainty of some significant level of emotional disturbance in the dissolution of a marriage which includes a child custody component (especially one burdened with a high level of animosity), as well as the certainty that neither parent can reasonably expect full-time custody of the children because of the statutorily required liberal visitation with the noncustodial parent.[27]

A New Jersey court focused on the egregious nature of an attorney's conduct. Where a father's attorney released the child's passport to the mother and the mother removed the child out of the country, the court determined that the attorney's conduct was sufficiently egregious and extraordinary to warrant an award of emotional distress damages.[28] The court explained: "The emotional distress caused by the irreparable severance of the parent-child bond is expected, undoubtedly

---

[24] *Id.* at 678.

[25] See *Long-Russell v. Hampe*, 39 P.3d 1015 (Wyo. 2002).

[26] *Id.* at 1020.

[27] *Id.* at 1020-21.

[28] *Innes v. Marzano-Lesnevich*, 435 N.J. Super. 198, 87 A.3d 775 (2014), *affirmed as modified* 224 N.J. 584, 136 A.3d 108 (2016).

genuine and easily appreciated by the average person without the need for expert testimony."[29]

Proof of outrageous conduct was necessary under Virginia law in a legal malpractice action seeking mental anguish damages where a client alleged her lawyers were negligent and reckless in their representation of her, which resulted in the client's loss of custody of her two children.[30] The court reasoned: "To permit recovery for mental anguish in this case would necessarily extend recovery for mental anguish to all malpractice cases. There is no reason or principle that distinguishes child custody cases from any other professional malpractice cases."[31]

The Iowa Supreme Court has recognized that although emotional distress damages are generally not recoverable in torts absent intentional conduct by a defendant or some physical injury to the plaintiff, such damages may be available for a claim of legal malpractice when emotional distress is a natural and foreseeable consequence of attorney malpractice.[32] In *Miranda v. Said*,[33] an immigration attorney recommended an illegitimate course of action that resulted in the clients' deportation and separation from their family for 10 years. The court explained that "it was the type of relationship in which negligent conduct was especially likely to cause severe emotional distress, supporting a duty of care to protect against such harm."[34]

In the context of a divorce proceeding, an Illinois appellate court determined that "a valid claim exists for noneconomic damages resulting from a plaintiff's loss of custody

---

[29] *Id.* at 241, 87 A.3d at 800.

[30] *Timms v. Rosenblum*, 713 F. Supp. 948 (E.D. Va. 1989).

[31] *Id.* at 955.

[32] See *Miranda v. Said*, 836 N.W.2d 8 (Iowa 2013).

[33] *Id.*

[34] *Id.* at 33.

and visitation of his children which allegedly resulted from an attorney's negligence."[35] In *Person v. Behnke*,[36] a father completely lost contact with his children for approximately 5 years because his attorney failed to take any action on the father's behalf. The appellate court addressed concerns about broadening the scope of tort liability. In doing so, it (1) recognized that juries have long made the determination of damages from loss of society, (2) limited its holding to a parent involved in a divorce proceeding, and (3) limited the scope of its holding to only the most egregious cases by focusing on the conduct of the attorney. The court also emphasized that "a plaintiff must allege that he *lost* custody or visitation, not just that he was disappointed in the *amount* of visitation granted."[37]

## Generally Not Recoverable

[4] We are asked in what circumstances, if any, a client may recover noneconomic damages in a legal malpractice action arising from a child custody dispute. Generally, noneconomic damages will not be recoverable in Nebraska in a legal malpractice action arising from a child custody dispute in which no physical injury has been sustained.

But we recognize that the parent-child relationship has intrinsic value[38] and that emotional harm from a lost parent-child relationship would be foreseeable. An effect on a parent-child relationship could be relatively minor, such as a mere variation in visitation or parenting time. But it could also be extremely serious, so as to essentially, if not totally, destroy that relationship. Noneconomic damages should not be recoverable unless they relate to conduct at the most serious end of the spectrum.

---

[35] *Person v. Behnke*, 242 Ill. App. 3d 933, 937, 611 N.E.2d 1350, 1353, 183 Ill. Dec. 702, 705 (1993).

[36] *Person v. Behnke, supra* note 35.

[37] *Id.* at 941, 611 N.E.2d at 1356, 183 Ill. Dec. at 708 (emphasis in original).

[38] See *Brandon v. County of Richardson, supra* note 6.

Because the direct injury to the client would be personal in nature rather than economic, we are disinclined to absolutely foreclose the possibility of an award of noneconomic damages. But whether such damages are available must ultimately depend on the attorney's conduct. This leads to our answer to the certified question.

## CONCLUSION

[5] The answer to the certified question is that noneconomic damages in a legal malpractice action arising from a child custody dispute in which no physical injury has been sustained may be recoverable only if an attorney engages in egregious conduct or in conduct that is intended to essentially destroy a parent-child relationship.

Judgment entered.