# LAW AND EQUITY COURT OF THE CITY OF RICHMOND

McMurray

v.

Atlantic Coast Line RR.

July 23, 1962

By JUDGE ALEX H. SANDS, JR.

While relying upon all grounds assigned as the bases for its various motions, both those relating to the first and to the second trials, defendant's argument of July 16th in support of these motions treated in particular the two propositions (a) that the new trial granted should have been upon all issues and not limited to the issue of damages, and (b) that upon the second trial the failure of the court to give a "cautionary" instruction relating to the exemption of an award in favor of plaintiff from Federal income taxes was error.

Upon the issues of the operation of the warning lights and the giving of statutory signals the evidence at the first trial was in sharp conflict and the issue of liability a close one but as to the improper location of the whistle post which in turn determined the point at which the statutory signals, if given at all, were begun the evidence was overwhelmingly in favor of plaintiff. Because of this situation it was difficult to determine whether the instant case properly fell under categories 2, 4 or 5 of the *Rawle v. McIlhenny* case, 163 Va. 735 (1934).

It was, however, the view of the court that it made no difference under which of the three categories the case fell as the court was convinced upon a review of the whole case that the jury had fairly settled the issue of responsibility and upon sufficient evidence and that

the verdict should, therefore, stand as the final adjudication of the rights of the parties upon the issue of liability. *See* Am. Jur., p. 48; *Rawle v. McIlhenny, supra,* and 41 Va. Law Rev., pp. 269-279. Nor did the court feel that any of the circumstances were present which, under category 5 of the *McIlhenny* case justify a new trial upon all issues, i.e. (a) insufficient development of the merits at the first trial, (b) issue of damages not distinctly separable from that of liability, (c) belief of court that evidence of liability exerted a material influence in the determination of damages, were present in the instant case.

For these reasons the court felt strongly and does so feel, that the issue upon new trial should have been, as it was, limited to damages.

The question of whether a "cautionary" instruction upon the effect of income taxes upon the award of a jury should be given is novel in this jurisdiction. *Hoge v. Anderson,* 200 Va. 364 (1958), upon principle, is not considered controlling or even pertinent as it had under consideration not the question of the effect or lack thereof of tax liability upon an award but rather whether net or gross wages should be the norm for determining loss of earning potential, two entirely different concepts. Whether or not the case of *Hall v. C. & N. Ry. Co.,* 5 Ill. 2d 135, 125 N.E.2d 77, which has been scathingly criticized by various law review articles (see 18 W. & L. Law Rev. pp. 11-2, and 26 Fordham L. Rev. 98) is good or bad law or whether that portion of the opinion which is contrary to defendant's contention in the case at bar is or is not obiter dictum, it certainly points up graphically many reasons why such a cautionary instruction of the nature sought would be dangerous. If this type of instruction be given at defendant's request upon what fair basis could the court refuse an instruction that the damage instruction does not contemplate expenditures not paid by defendant such as cost of attendance of medical witnesses, expense of taking depositions, court reporting at trial, attorneys' fees, etc., and numerous other items which legally are not, but which the jury might well not know not to be, elements of damage claimable against defendant? Obviously an attempt to enumerate to the jury, by instruction, all of elements of damage which a jury

may *not* consider could not possibly be complete and would be most confusing.

After consideration of the argument of counsel and of the excellent briefs filed by both sides the court is of opinion that the motion of the defendant to set aside the verdict should be overruled. It is also felt that the plaintiff's motion to set aside the verdict as inadequate should be overruled.