RUTH M. DILLINGHAM

V.

NANCY M. HALL, ET AL.

Record No. 850219

March 4, 1988

Present: All the Justices

*Barry W. Norwood* for appellant.
*Robert D. Perrow; George Wm. Warren, IV (Wallerstein, Goode & Dobbins; Boone & Warren,* on briefs), for appellees.

PER CURIAM.

This appeal arises from a chancery cause to establish an easement by necessity. After decreeing that such an easement existed, the chancellor awarded damages to the owners of the dominant tenements in the amount of one dollar per day for each day the easement had been obstructed by the owner of the servient tenement. The sole question on appeal is whether such an award of damages is proper in the absence of any evidence of the monetary value of the loss sustained by the owners of the dominant tenement.

The essential facts are undisputed. Nancy M. Hall, Dorothea Moore Warren, and Sarah Gwendolyn Morford are the owners of a 36-acre tract in northwestern Hanover County (the Moore property). The sole means of access to the Moore property is an easement by recorded grant across a 10-acre parcel owned by James A. Stanley (the Stanley property), which adjoins the Moore property on the west. There is no dispute concerning the easement across the Stanley property.

Prior to 1980, the owners of the Stanley property and the owners of the Moore property had, as their sole access to a public road, the use of a pre-existing right-of-way across a 98-acre tract lying west of the Stanley property, owned by Ruth M. Dillingham (the Dillingham property). The right-of-way across the Dillingham property connected the easement across the Stanley property with a public highway locally known as Gun Barrel Road (Route 644). The right-of-way across the Dillingham property had been used as a private road since the early 19th century.

In July 1980, Mrs. Dillingham obstructed the road across her property with a heavy chain and lock, thus denying ingress and egress to both the Moore property and the Stanley property. The owners of those properties brought separate chancery suits against Mrs. Dillingham, praying for abatement of a nuisance, establish-

ment of a right-of-way, injunctive relief, and damages. The cases were consolidated and referred to a commissioner in chancery.

The commissioner, after taking evidence, reported to the court that the Moore property and the Stanley property fulfilled all requirements justifying an easement by necessity over the Dillingham property to the Gun Barrel Road. No evidence of damages was presented to the commissioner except the testimony of the owners that they had been denied access to their respective properties from July 1980 until the commissioner's hearing in 1983. The commissioner's report was silent with respect to damages.

The chancellor confirmed the commissioner's report, held that a 20-foot-wide easement existed, ordered removal of obstructions to the right-of-way, ordered a survey and plat of the easement across the Dillingham property, appointed a special commissioner to convey it by deed, and awarded each complainant damages in the amount of $1,443. The chancellor calculated the damages against Mrs. Dillingham as one dollar per day for the period August 1, 1980 through July 15, 1984 "for preventing access to the plaintiffs' properties." We granted an appeal limited to the question of the propriety of the award of damages.

On appeal, Mrs. Dillingham notes that there are three categories of damages: punitive, compensatory, and nominal. She contends that there was no basis for an award of punitive damages alone, because such damages cannot be awarded in the absence of a separate award of compensatory damages. She further argues that if the awards were intended to be compensatory damages, they were unsupported by evidence, and if they were intended to be nominal damages, they were excessive in amount. The appellees respond that they make no claim for punitive or nominal damages, but that the awards are sufficiently supported by the evidence to stand as compensatory damages.

Compensatory damages are those allowed as a recompense for loss or injury actually sustained. *Giant of Virginia* v. *Pigg*, 207 Va. 679, 685, 152 S.E.2d 271, 276 (1967).

In determining the quantum of proof required to sustain [compensatory] damage awards, we have said that a plaintiff must show the amount of his damages with reasonable certainty. Proof with mathematical precision is not required, *but*

*there must be at least sufficient evidence to permit an intelligent and probable estimate of the amount of damage.*

*Hailes* v. *Gonzales*, 207 Va. 612, 614, 151 S.E.2d 388, 390 (1966) (emphasis added). A plaintiff's burden of proving the elements of damage with reasonable certainty requires him to furnish evidence of sufficient facts and circumstances to permit the fact-finder to make at least "an intelligent and probable estimate" of the damages sustained. *Gwaltney* v. *Reed*, 196 Va. 505, 507-08, 84 S.E.2d 501, 502 (1954).

In the case before us, there was no evidence whatever from which to quantify the damages sustained by the owners of the Moore and Stanley properties. The fact-finder was furnished no facts or circumstances from which an "intelligent and probable estimate" could be made of the sum which would justly compensate them for their loss. The one-dollar-per-day formula adopted by the court had no more support in the evidence than would one dollar per minute, per hour, or per year. The chancellor's calculation of unliquidated damages on a per diem basis, unsupported by evidence, was speculative and improper.

For the foregoing reason, we will reverse the final decree appealed from with respect to the judgments awarded therein for damages and interest, and we will affirm the decree in all other respects and enter a final decree here.

*Reversed in part,
affirmed in part,
and final decree.*