# CIRCUIT COURT OF THE CITY OF RICHMOND

Judi S. Hepper

v.

Donna M. Mende

September 22, 1998

Case No. LC-49

BY JUDGE T. J. MARKOW

This personal injury case is before the court on the Plaintiff's Motion in Limine and Motion for a Protective Order. The Plaintiff has asked the court to rule that plaintiff is entitled to introduce as evidence of the medical cost of her care the amounts billed by the providers without consideration of what amounts were accepted in full payment from health insurers. The Plaintiff has also moved the court to enter a protective order precluding any discovery regarding health insurance write-offs or write-downs of Plaintiff's medical bills. Plaintiff claims that under the collateral source rule these "write-offs" are benefits and inadmissible at trial.

As a result of the alleged injuries from the accident at issue in this case, the plaintiff sought treatment from various health care providers. Each health care provider issued a billing statement to the plaintiff for their services. In almost every instance, however, the health care provider accepted a payment of a lesser sum, from the plaintiff's health insurance company. These payments were accepted in full satisfaction of the health care services provided to the plaintiff, and the providers have "written-off" any amount in excess of that paid by the insurer.

The Plaintiff argues that the collateral source rule bars any evidence or discovery concerning collateral insurance matters, including any health insurance write-offs or write-downs of part or all of any of plaintiff's medical bills. The collateral source rule holds as follows:

> It is well established that damages recoverable for personal injuries or death, caused by the negligence of another, cannot be reduced by reason of the fact that the injured party or his estate has been partly compensated for the loss by the proceeds of an insurance policy. The basic reason for the rule is that a defendant who by his negligence has injured another, owes to such other full compensation for the injuries inflicted by him and the *payment* for those injuries from a collateral source, in no way relieves such defendant of his own obligation.

*Burks v. Webb, Adm'x,* 199 Va. 296, 304 (1957) (emphasis added).

The issue raised by the plaintiff in these motions does not implicate the collateral source rule. The rule as it applies in this personal injury case is what allows the plaintiff to sue and recover for the costs of her medical care even though the actual bills were paid by her health insurance company. The payment made by the health insurance company is not being used to reduce the amount of damages that the defendant is liable for. The defendant is still responsible for all of the plaintiff's damages. The issue is whether phantom charges by health care providers which were never paid by anyone are damages.

The whole tort system is designed to accomplish one purpose; to fully compensate a person for losses he has suffered as the result of negligent, intentional, or product related torts. The plaintiff is to be made whole.

The "collateral source" rule is an exception to the purpose of tort law in that a plaintiff who has protected himself by insurance will not have his award, against the tortfeasor, reduced by the amount an insurer has *paid* on his behalf. The tortfeasor is not entitled to a windfall from plaintiff's insurance.

Virginia case law is clear that compensatory damages are intended to make a plaintiff whole by providing remuneration for incurred injuries. *Schickling v. Aspinall,* 235 Va. 472 (1988). "Compensatory damages are those allowed as a recompense for loss or injury actually sustained." *Dillingham v. Hall,* 235 Va. 1, 3 (1988). The collateral source rule universally deals with precluding the defendant from obtaining the benefits of *payments* made on behalf of the plaintiff. In order to make the plaintiff whole, to reimburse her for her costs expended as a result of this accident, plaintiff need only receive the actual costs of the medical care. What plaintiff has lost is the actual cost of the

medical treatment, which is the amount of money paid to the health care providers in exchange for their services. She is not entitled to also receive "phantom costs" as this would not "make her whole."

In the case at bar, no one paid the written-off amount and no one is responsible in the future for paying the amount. This written-off amount, therefore, is not part of the cost of medical treatment for the plaintiff. The plaintiff's bills have been paid by a third party in this case and the amount paid by the insurance company cannot reduce the amount owed by the defendant. The defendant will still be responsible for the full medical costs if liability is found. These medical costs, however, are limited to the actual cost of the services, which can be no more than what the providers accepted for their services.

Plaintiff is incorrect in claiming that this analysis will result in having the jury consider contracts between health care providers and the health insurance carriers to enable it to determine what expenses the plaintiff actually "incurred." It is only necessary to determine what the services cost. Only one question needs to be answered to make that determination. After payment by the health insurance carrier, does the health care provider claim any further payment from the plaintiff? If the answer is "No," then the amount paid is the cost of the care. If the answer is "Yes," then the cost is the amount paid plus what is still owed by the plaintiff. In any event, the imaginary or phantom costs are not admissible by the plaintiff as evidence of her damages. They are *not* damages.

If the collateral source rule did apply in this case, the evidence of the write offs would still be relevant and admissible as it relates to the issue of the reasonableness of the medical expenses charged by the health care providers. Notwithstanding counsel's assertion that whatever the provider charges is what the plaintiff is entitled to recover:

> It is axiomatic that a defendant, whose liability for a plaintiff's damages has been established is only responsible for those medical bills which are (1) authentic ... (2) *reasonable*, i.e. not excessive in amount, considering the prevailing costs of such services; (3) medically necessary ... and (4) rendered necessary solely by a medical condition proximately resulting from the defendant's negligence ... .

*McMunn v. Tatum*, 237 Va. 558, 568 (1989) (emphasis added). "[The plaintiff] may be compensated only for the reasonable value of services rendered him and not necessarily for amounts actually billed or paid. Whether the bills were reasonable, however, is a question for the finder of fact." *Walters*

*v. Littleton*, 223 Va. 446, 452, (1982). The presentation of evidence that a health care provider sent a bill for one amount but then accepted as full payment a lesser amount could be found to be indicative of the reasonable price of the service. Therefore, the amount of the write-offs that resulted in the health care providers accepting a smaller amount as full payment for their services is relevant information for the finders of fact to consider in the determination of reasonableness.

In sum, the court finds that the collateral source rule is not applicable to the issue of medical write-offs and does not bar evidence or discovery of any purported write-offs of the plaintiff's medical bills. The plaintiff's motions in limine and for a protective order are hereby denied. Plaintiff will be permitted to introduce as evidence only the cost of her health care which is the amount the providers accepted as full payment for that care.