Jerry L. MOOREHEAD,
et al., Plaintiffs,

v.

STATE FARM FIRE & CASUALTY
COMPANY, Defendant.

No. 1:99CV00052.

United States District Court,
W.D. Virginia,
Abingdon Division.

Dec. 15, 2000.

Martin Dougals Wegbreit, Client Centered Legal Services of S.W. Virginia, Inc., Castlewood, VA, for Plaintiffs.

Guy M. Harbert, III, Gentry, Locke, Rakes & Moore, Roanoke, VA, for Defendant.

## OPINION AND ORDER

JONES, District Judge.

In this case involving an alleged bad faith denial of fire insurance coverage, I deny the insurance company's motion for partial summary judgment relating to the plaintiffs' claims for emotional harm and litigation expenses because those claims are dependent on determinations to be made at trial. On the other hand, I grant the insurance company's motion for partial summary judgment as to the plaintiffs' calculation of damages on a per diem basis.

## I

This case arose from a fire that occurred on July 14, 1998, at the plaintiffs' residence in North Tazewell, Virginia. The plaintiffs, husband and wife, were insured by a homeowner's policy issued by the defendant, State Farm Fire & Casualty Company ("State Farm"). The policy provided coverage for "accidental direct physical loss to the property" caused by fire. After conducting an investigation, State Farm informed the plaintiffs by letter dated March 2, 1999, that it was denying their claim under the policy. The letter set forth two reasons for the denial. First, State Farm stated that it "ha[d] reason to believe the fire was intentionally set by [the plaintiffs], or, at [the plaintiffs'] direction." Second, State Farm claimed that Mr. Moorehead had "concealed and mis-

represented material facts and circumstances relating to this loss" by refusing to answer certain questions during an examination under oath.

On March 17, 1999, the plaintiffs filed suit against State Farm in the Circuit Court of Tazewell County, Virginia, alleging that the denial of their claim constituted a "bad faith" breach of the insurance contract. The plaintiffs claimed damages in the amount of $114,140 "for loss of building and contents," as well as "reasonable and necessary increases in living expenses due to their insured dwelling becoming uninhabitable" and "additional damages ... because [of] Defendant's bad faith...." (Mot. for J. at 6–7.) Based on diversity of citizenship and amount in controversy, the defendant timely removed the action to this court.[1]

Thereafter the defendant filed interrogatories, asking the plaintiffs to state the nature of their damages over and above the actual amount of the fire loss. In their answers, the plaintiffs claimed the sum of $100 per day beginning thirty days after the conclusion of State Farm's investigation. They also claimed expert witness fees and litigation expenses. Based on these answers, the defendant has moved for partial summary judgment with respect to any damages claimed by the plaintiffs above and beyond the $114,140 due by the fire loss. The motion has been briefed and argued and is ripe for decision.[2]

## II

The issues for decision in the present motion are (1) whether the plaintiffs can recover damages for emotional harm over and above the amount of the fire loss insured by the policy, and if so, whether such damages can be calculated on a per diem basis; and (2) whether the plaintiffs

---

1. *See* 28 U.S.C.A. § 1441(a) (West 1994 & Supp.2000).

2. The court earlier denied the defendant's motion for complete summary judgment in

which it was asserted that the plaintiffs' action was barred because of an alleged concealment of material facts, leaving that question for the jury.

can recover litigation expenses, including expert witness fees.

Although not specified in their original suit papers or in their answers to interrogatories, the plaintiffs now contend that the additional per diem damages claimed by them represent emotional harm, characterized by them as "loss of peace of mind" resulting from the unjustifiable denial of their insurance claim. (Pls.' Supplemental Br. at 11.)

█ The issue of recovery for an insurer's bad faith denial of coverage was addressed by the Fourth Circuit in *A & E Supply Co. v. Nationwide Mutual Fire Insurance Co.*, 798 F.2d 669 (4th Cir.1986). In that case, as here, the insurance company refused to pay a fire loss on the ground that the fire had been set by the insured, and the insured sued, claiming punitive damages in addition to recovery for the loss. On appeal, the Fourth Circuit held that under Virginia law there can be no recovery in tort for a refusal in bad faith to honor a first-party insurance claim. *See id.* at 676. Rather, such claims are evaluated under the principles of contracts law, and thus punitive damages are not appropriate. *See id.*

The court did hold, however, that a plaintiff, in accordance with the law of contracts, may in some circumstances seek consequential damages above and beyond the insurance policy limits. *See id.* at 678. The question not answered in *A & E Supply* is whether emotional harm is a proper basis for consequential damages in a contract action like the present one.

A federal court exercising diversity jurisdiction must apply the law of the state in which it sits, *see Erie R.R. v. Tompkins*, 304 U.S. 64, 78–79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and in order to determine state law, the federal court must follow the decisions of the state's highest court, or, where the law is unclear, predict how that court would rule, based on "canons of construction, restatements of the law, treatises, recent pronouncements of general rules

or policies by the state's highest court, well considered dicta, and the state's trial court decisions," among other things. *Wells v. Liddy*, 186 F.3d 505, 528 (4th Cir.1999), *cert. denied*, 528 U.S. 1118, 120 S.Ct. 939, 145 L.Ed.2d 817 (2000). As to the present issue, there is no decision of the Virginia Supreme Court directly on point. Generally speaking, the law as to recovery of emotional distress damages in contract actions has been described as "inconsistent and in a hopeless tangle." Douglas J. Whaley, *Paying for the Agony: The Recovery of Emotional Distress in Contract Actions*, 26 Suffolk U.L.Rev. 935, 940 (1992).

The Virginia Supreme Court has indicated its reluctance, at least in dicta, to allow damages for emotional harm in contract actions. In *Sea–Land Service, Inc. v. O'Neal*, 224 Va. 343, 297 S.E.2d 647 (1982), the court considered a claim by a discharged employee that her termination was in breach of contract as well as the result of fraud. The court allowed the plaintiff emotional harm damages based on the tort cause of action for fraud, and in doing so, cited with apparent approval the proposition from a treatise that " 'absent some tort,' damages for 'humiliation or injury to feelings' are not recoverable in an action for breach of contract.' " *Id.* at 653 (citation omitted).

█ In *Wise v. General Motors Corp.*, 588 F.Supp. 1207 (W.D.Va.1984), in a breach of warranty action, Judge Williams of this court, after an analysis of *Sea–Land Service*, concluded that Virginia would follow the rule set forth in the Restatement of Contracts. *See id.* at 1210–11. The restatement approach holds that "[d]amages for emotional disturbance are not ordinarily allowed" in contract actions, subject to two exceptions. Restatement (Second) of Contracts § 353 (1981). The first exception, not applicable here, permits recovery for emotional disturbance where the claim involves bodily injury. *See id.* The second exception provides that a plaintiff may recover where "the

contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result." *Id.*

I agree with Judge Williams' interpretation of Virginia law and will apply the restatement's formulation to the present facts.

■ ˙ In its present motion, the defendant does not contest whether the requisite emotional disturbance occurred, relying instead on its contention that no such damages are recoverable as a matter of law. Nevertheless, it is clear that the plaintiffs face an uphill battle in proving damages sufficient to meet the restatement's exception. In the first place, the claimed emotional disturbance must have been *serious,* and not the "mere disappointment, frustration, or anxiety normally experienced in the process of filing an insurance claim...." *Beck v. Farmers Ins. Exch.,* 701 P.2d 795, 802 n. 6 (Utah 1985); *see Woodmen Accident & Life Ins. Co. v. Bryant,* 784 F.2d 1052, 1057 (10th Cir. 1986) (holding that loss of sleep because of anxiety caused by breach, where plaintiff never saw a physician or psychologist, is not serious emotional disturbance within meaning of restatement.); *Savers Fed. Sav. & Loan Assoc. v. Home Fed. Sav. & Loan Assoc.,* 721 F.Supp. 940, 947 (W.D.Tenn.1989) (anxiety causing loss of sleep and appetite insufficient under restatement). Moreover, the serious emotional disturbance must be shown to have been caused by the breach of contract, and not by the fire loss itself.

■ Putting aside the question of whether the plaintiffs can produce sufficient evidence of emotional disturbance, it is clear that the homeowner's insurance policy at issue here is not the type of contract commonly associated with such harm. Examples of contracts that are include "contracts of carriers and innkeepers with passengers and guests, contracts for the carriage or proper disposition of dead bodies, and contracts for the delivery of messages concerning death." Restatement (Second) of Contracts § 353 cmt. a.

The restatement exception is stated in the disjunctive, however, and the remaining question is whether the defendant's alleged *breach* was such that serious emotional disturbance was a particularly likely result. In determining whether the moving party in summary judgment has shown that there is no genuine issue of material fact for trial, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985). Using this standard, the issue of whether the defendant's breach was such that serious emotional disturbance to the plaintiffs was a particularly likely result must be reserved for trial. The present record prevents me from determining as a matter of law that the breach did not meet the requirements of this exception to the general rule barring emotional damages in contract actions. Therefore, I will deny the defendant's motion for partial summary judgment with respect to the recovery of damages for serious emotional disturbance.

■ On the other hand, the plaintiffs' calculation of emotional harm on a per diem basis is clearly not a proper measurement of such damages. Under the law of Virginia, "[a] plaintiff's burden of proving the elements of damage with reasonable certainty requires him to furnish evidence of sufficient facts and circumstances to permit the fact-finder to make at least 'an intelligent and probable estimate' of the damages sustained." *Dillingham v. Hall,* 235 Va. 1, 365 S.E.2d 738, 739 (1988) (quoting *Gwaltney v. Reed,* 196 Va. 505, 84 S.E.2d 501, 502 (1954)). Per diem calculations are inconsistent with Virginia law to the extent that they are arbitrary estimations lacking in evidentiary support. *See Dillingham,* 365 S.E.2d at 739; *see also Certified T.V. & Appliance Co. v. Harrington,* 201 Va. 109, 109 S.E.2d 126, 131 (1959)

("To permit ... an amount to be allowed for pain, suffering, mental anguish and disability calculated on a daily or other fixed basis, allows [the plaintiff] to invade the province of the jury and to get before it what does not appear in evidence."); *Wuth v. United States,* 161 F.Supp. 661, 663–64 (E.D.Va.1958) (declining to apply per diem approach for past and future physical pain and mental anguish). Thus, I grant the defendant's motion for partial summary judgment as it relates to the plaintiffs' claim for emotional harm calculated on a per diem basis.

■ The plaintiffs also seek recovery of expert witness fees and other litigation expenses.[3] Under Virginia law, "[i]t is well settled that as a general rule, in the absence of any contractual or statutory liability therefor ... expenses incurred by the plaintiff in the litigation of his claim against the defendant ... are not recoverable as an item of damages in action *ex contractu.*" *Hiss v. Friedberg,* 201 Va. 572, 112 S.E.2d 871, 875 (1960). The Virginia Code provides an exception to this general rule, however, providing for the award of costs and reasonable attorney's fees where "the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy." Va.Code Ann. § 38.2–209 (Michie 1999). If the plaintiffs' claims are successful and upon application by the plaintiffs after trial, I will consider an award of such costs pursuant to this statute according to the proof shown at trial. I therefore deny the defendant's motion for summary judgment as it relates to the plaintiffs' claims for litigation expenses.

### III

For the foregoing reasons, it is **OR-DERED** that the defendant's motion for

3. The plaintiffs are represented by a legal services attorney, and attorney's fees are not

partial summary judgment (Doc. No. 12) is denied in part and granted in part.