# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

SCOTT MICHAEL STEBBINS,
Administrator of the estates of Lara
B. Stebbins and Morgan N.
Stebbins, deceased,

    *Plaintiff-Appellant,*

    v.

PERRY LEE CLARK; C.R. ENGLAND,
INCORPORATED,

    *Defendants-Appellees.*

No. 00-1017

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CA-99-376)

Argued: September 27, 2000

Decided: March 6, 2001

Before MOTZ and TRAXLER, Circuit Judges, and
Frederick P. STAMP, Jr., Chief United States District Judge for
the Northern District of West Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion. Judge Traxler wrote an
opinion concurring in part and dissenting in part.

---

## COUNSEL

**ARGUED:** Joseph Edward Preston, JOSEPH E. PRESTON &
ASSOCIATES, Petersburg, Virginia, for Appellant. Monica Leigh

Taylor, GENTRY, LOCKE, RAKES & MOORE, Roanoke, Virginia, for Appellees. **ON BRIEF:** Daniel P. Frankl, GENTRY, LOCKE, RAKES & MOORE, Roanoke, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Scott Michael Stebbins ("Stebbins") brings this appeal pursuant to 28 U.S.C. § 1291 (1986). Specifically, appellant alleges that the district court committed reversible error when it instructed the jury regarding the non-taxability of any award of damages under Virginia law. Appellant argues that this instruction may have caused the jury to return a lower verdict. Appellant also alleges that the award of damages was inadequate as a matter of law and that the district court erred when it failed to grant a new trial on those grounds. Perry Lee Clark ("Clark") and C.R. England, Inc. ("England"), appellees, respond that Virginia law does not provide that giving a jury instruction involving taxability constitutes reversible error and that appellant has not shown that the district court abused its discretion when it denied his motion for a new trial. For the reasons stated below, we affirm.

I.

Scott Stebbins's wife, Lara B. Stebbins, and daughter, Morgan N. Stebbins, were killed when the car in which they were traveling was struck by a tractor trailer delivery truck driven by Clark. Subsequently, Stebbins brought an action in the Circuit Court of the City of Suffolk, Virginia against Clark and England, Clark's employer. The case was removed to the district court on the basis of diversity jurisdiction. Because Clark and England admitted liability, the district court held a jury trial on the issue of damages alone.

At trial, Stebbins presented extensive evidence of his good relationship with his deceased wife and daughter. Witnesses testified that the family was very close and that they spent a lot of time together including frequent camping trips. Stebbins personally testified to his devastation at the loss of his wife and daughter and to his involvement in counseling. On cross-examination, Clark and England elicited some testimony from Stebbins indicating that he has continued some recreational activities and that he may be involved in a new relationship. Clark and England also questioned Stebbins on his intent to start a new family and Stebbins acknowledged that he could not imagine not having a family at some point if he met the right person.

Stebbins also offered extensive testimony about the economic loss that resulted from the death of his wife. Stebbins's wife was 30 years old at the time of her death and had a normal life expectancy of 80 years. She had worked at Crestar Mortgage, earning $27,700 dollars per year, and Stebbins offered testimony from her supervisor related to her work ethic and the likelihood of advancement in her position. Dr. Norman Edwards, Professor of Economics at the University of Richmond, testified for Stebbins as an expert witness. Dr. Edwards testified that the death of Stebbins's wife resulted in an economic loss of $780,055. Dr. Edwards based that figure upon the decedent's projected future wages less her projected consumption plus her projected contribution of services to the family. Clark and England challenged some of the figures used for the calculation, including the decedent's age of retirement and the projected increase in her salary. Using lowered variables based upon Clark and England's challenges, their expert calculated the economic loss to be $595,319.

After the close of evidence and out of the presence of the jury, the district court discussed jury instructions with the parties. Clark and England tendered an instruction that would inform the jury that "the plaintiff will not be required to pay either state or federal income taxes on any judgment which may be awarded as a result of this suit." Stebbins's counsel objected to that instruction at that time. The district court, initially indicating its inclination not to grant the instruction, permitted the instruction after reviewing the case law and concluding that "giving the instruction can do no harm." Stebbins's counsel then noted his objection to the proposed instructions. During closing arguments, Clark and England's counsel referred to that jury

instruction and stated: "[W]e are going to ask that you award the higher figure of $790,055 to make up for the economic loss suffered by Mr. Stebbins. I'll ask you to award the funeral expenses of $9,024. And if you add those two together, the total economic damages add up to $789,079."[1]

After deliberation, the jury awarded Stebbins $58,000 for the wrongful death of his wife and $200,000 for the wrongful death of his daughter.[2] Stebbins timely filed a motion for new trial and alleged that the award of the jury was inadequate as a matter of law. The district court denied the motion because it found that the jury award was not so low as to shock the conscience and that there was no evidence that the jury was improperly influenced by either passion or prejudice. Stebbins then appealed to this court.

## II.

We review a district court's decision of whether to give a jury instruction and its content for an abuse of discretion. *See United States v. Ellis*, 121 F.3d 908, 923 (4th Cir. 1997), *cert. denied*, 522 U.S. 1068 (1998) (citing *United States v. Abbas*, 74 F.3d 506, 513 (4th Cir. 1996)). However, "even where use or denial of a jury instruction is in error, reversal is warranted only when the error is prejudicial based on a review of the record as a whole." *Id.* (citing *Ross v. St. Augustine's College*, 103 F.3d 338, 344 (4th Cir. 1996)); *Hartsell v. Duplex Prods., Inc.*, 123 F.3d 766, 775 (4th Cir. 1997).

Substantive damages issues are governed by state law when a case is tried in federal court pursuant to the court's diversity jurisdiction. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 437 (1996); *Konkel v. Bob Evans Farms Inc.*, 165 F.3d 275, 280 (4th Cir. 1999). Therefore, state law governs whether it is appropriate for a federal court to instruct a jury regarding the taxability or non-taxability of a damages award. *See Adams v. Fuqua Indus., Inc.*, 820 F.2d 271, 277 (8th Cir. 1987) ("[W]hether to give or withhold a tax-

---

[1]Although Clark and England's counsel said "$790,055," it is apparent that counsel intended to refer to the figure testified to by Stebbins's expert, $780,055.

[2]The jury also awarded $5,000 each to Stebbins's wife's parents.

ability instruction is a question of state law, which we are bound to follow . . . . The majority of circuits have reached the same conclusion"); *Schleier v. Kaiser Found. Health Plan*, 876 F.2d 174, 180 (D.C. Cir. 1989) (providing that instructing a jury on the question of income taxation of damages is substantive, not procedural and thereby governed by state or, in this case, D.C. law). Accordingly, the substantive law of Virginia determines whether it is proper to give a jury a non-taxability instruction in this case.

Virginia case law has held that it is not reversible error for a district court to refuse to grant an instruction advising the jury that a damages award is not subject to income tax. *See Norfolk S. Ry. v. Rayburn*, 195 S.E.2d 860, 864 (Va. 1973) (acknowledging the "difference of opinion between jurisdictions on the propriety of taking income taxes into consideration in fixing damages," but finding no error when the district court refused to grant an instruction advising the jury that any award was not subject to income taxes and that the jury "should not, therefore, add or subtract taxes in fixing the amount of any award"); *Hoge v. Anderson*, 106 S.E.2d 121, 123 (Va. 1958) (indicating that gross pay and not net pay controls when determining the amount of damages for impairment of earning capacity). Virginia law does not, however, specifically provide that instructing the jury about either the taxability or non-taxability of an award of damages is reversible error. In the absence of any controlling Virginia law on the issue, a district court may examine relevant case law and rely on other authority in determining whether to grant or to deny an instruction on the taxability of damages.

Stebbins argues that Virginia substantive law, as demonstrated by *Rayburn* and *Hoge*, indicates that it is improper to instruct the jury that an award of damages will not be taxed and that the district court should not have considered federal case law. This Court cannot find that, because Virginia courts have held that it is not clear error to refuse to give an instruction concerning taxability, that, therefore, it follows that it is clear error to give such an instruction. Stebbins also points to *McMurray v. Atlantic Coastline R.R.*, 17 Va. Cir. 453 (City of Richmond Law and Eq. Ct. 1962), which demonstrates a district court's rationale for not permitting instruction on taxability. That decision is not, however, binding. Because there is no Virginia law on point, the district court, properly and within its discretion, refer-

enced other law. The district court relied upon three cases in its decision to grant the instruction, *Norfolk & W. Ry. v. Liepelt*, 444 U.S. 490 (1980), *Allred v. Maersk Line, Ltd.*, 35 F.3d 139 (4th Cir. 1994), and *Domeracki v. Humble Oil & Refining Co.*, 443 F.2d 1245 (3d Cir.), *cert. denied*, 404 U.S. 883 (1971). In those cases, each court held that the refusal to give an instruction on taxability was reversible error. In *Allred*, this Court explained:

> Although the law [exempting personal injury awards from income tax] is perfectly clear, it is entirely possible that the members of the jury may assume that a plaintiff's recovery in a case of this kind will be subject to federal taxation, and that the award should be increased substantially in order to be sure that the injured party is fully compensated.

*Allred*, 35 F.3d at 141 (citing *Liepelt*, 444 U.S. at 496). Although it would not be reversible error to refuse such an instruction in Virginia, the district could consider the reasoning of such cases in its decision to permit such an instruction. Moreover, the record indicates that the district court carefully considered giving the instruction and determined that it could "do no harm." This Court cannot find that the district court abused its discretion or that the district court committed any error in giving this jury instruction. Even if there is error in the jury instruction, this Court cannot find that such error was prejudicial based upon a review of the record because the district court merely gave a simple and accurate statement of the law.

## III.

We review a district court's decision of whether to grant or deny a request for a new trial for an abuse of discretion. *Gasperini*, 518 U.S. at 438; *Konkel*, 165 F.3d at 280. This Court has previously held:

> On review of a motion for new trial, we are permitted to weigh the evidence and consider the credibility of witnesses. *See Poynter v. Ratcliff*, 874 F.2d 219, 223 (4th Cir. 1989). A new trial will be granted if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would

prevent the direction of a verdict." *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996).

*Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998). In deciding whether a jury's award is either excessive or inadequate, a federal court in a diversity case must apply substantive state law. *See Gasperini*, 518 U.S. at 537-38; *Konkel*, 165 F.3d at 280.

The Virginia Code states:

> In any civil case or proceeding, the court before which a trial by jury is had, may grant a new trial, unless it be otherwise specifically provided. A new trial may be granted as well where the damages awarded are too small as where they are excessive. Not more than two new trials shall be granted to the same party in the same cause on the ground that the verdict is contrary to the evidence, either by the trial court or the appellate court, or both.

Va. Code Ann. § 8.01-383 (Michie 1992). Pursuant to Virginia law, a verdict or award of damages is considered inadequate or excessive if it was not the product of fair and impartial decision. *Supinger v. Stakes*, 495 S.E.2d 813, 815 (Va. 1998). The Supreme Court of Virginia has offered guidelines in determining whether a verdict is excessive or inadequate:

> [T]he rule has been, and still is, that a court will not disturb the verdict in such a case either because of its smallness or because of its largeness, unless, in the light of all the evidence, it is manifestly so inadequate or so excessive as to show very plainly that the verdict has resulted from one or both of two causes:
>
> > (A) The misconduct of the jury, as for instance that the jury has permitted itself to be actuated by partiality, sympathy, bias, prejudice, passion, or corruption, or has acted perversely, capriciously, or arbitrarily.

(B) The jury's misconception of the merits of the case, in so far as they relate to the amount of damages, if any, recoverable, as for instance, that it has taken into consideration improper items or elements of damage or has failed to take into consideration proper items or elements of damage, or that it has in some way misconstrued or misinterpreted the facts or the law which should have guided it to a just conclusion as to the amount of the damages, if any, recoverable.

*Rawle v. McInhenny*, 177 S.E. 214, 218 (Va. 1934) (footnotes omitted). The Supreme Court of Virginia has also stated:

[A] jury's award of damages may not be set aside by a trial court as inadequate or excessive unless the damages are so excessive or so small as to shock the conscience and to create the impression that the jury has been influenced by passion or prejudice or has in some way misconceived or misinterpreted the facts or the law which should guide them to a just conclusion.

*Downer v. CSX Trans., Inc.*, 507 S.E.2d 612, 615 (Va. 1998).

A district court must balance these rules with the principle that the amount of damages is solely within the discretion of the jury. *Matthews v. Hicks*, 87 S.E.2d 629, 633 (Va. 1955). Moreover, a district court must treat a jury's verdict with great deference and respect. *See Hall v. Hall*, 397 S.E.2d 829, 831 (Va. 1990). Finally, a district court must not set aside a verdict as either inadequate or excessive merely because the district court would have acted differently if it had been the trier of fact or because the jury could have come to a different conclusion that the trial judge feels was more reasonable. *See id.*; *Lee v. Adrales*, 778 F. Supp. 904, 907 (W.D. Va. 1991).

Stebbins argues that the disparity between the amount of economic loss testified to by Stebbins's expert and the amount awarded by the jury shows that the verdict was unfair and inadequate. Stebbins contends that the economic loss testified to by his expert witness was never rebutted by Clark and England. Moreover, Stebbins argues that

Clark and England's counsel acknowledged and stipulated to an economic loss of at least $595,319 in their closing argument. Stebbins further argues that the sheer disparity between the economic valuation of almost $600,000 and the jury's award of $58,000 for the loss of Stebbins's wife demonstrates that the jury must have been confused or acted improperly.

This Court cannot, however, find that Stebbins has shown that the damages were inadequate. Virginia law provides that it is not the expected total earnings of a decedent that are to be awarded to beneficiaries, but instead the portion of those earnings that the beneficiaries might reasonably expect to receive. *See Wilson v. Whittaker*, 154 S.E.2d 124, 128 (Va. 1967); *Wolfe v. Lockhart*, 78 S.E.2d 654, 658 (Va. 1953). Although Stebbins argues that the amount of economic damages was not contested because there was no rebuttal expert presented by Clark and England, Stebbins did not present evidence irrefutably establishing what portion of those economic damages Stebbins was entitled to receive.

Although Stebbins introduced evidence concerning his emotional loss, he did not specify economic loss or indicate the portion of the decedent's income that he would reasonably be expected to receive. It was within the province of the jury to decide whether the amount testified to by the expert was accurate and what portion of the decedent's lifetime earnings Stebbins was entitled to receive. The Virginia Supreme Court has held:

> [W]here the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause . . . then neither the trial court nor we, on appeal, can say that the plaintiff's special damages constituted any fixed part of the jury's verdict. In such a case, a rational fact-finder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.

*Bradner v. Mitchell*, 362 S.E.2d 718, 721 (Va. 1987). In this case, Stebbins has no uncontroverted evidence of special damages beyond the funeral expenses. Moreover, this case cannot be compared with cases in which the plaintiff is the injured party suing for personal injuries and personal economic losses such as lost wages. Because Stebbins did not prove the amount of his late wife's projected earnings that he was entitled to receive, we cannot find that the district court erred in denying the motion for new trial or that the amount awarded shocks the conscience and creates an impression that the jury acted improperly.

Stebbins also argues that Clark and England's counsel stipulated to the amount of Stebbins's loss during closing arguments. However, the argument of counsel is not considered evidence. *See Mosser v. Fruehauf Corp.*, 940 F.2d 77, 82 (4th Cir. 1991). Moreover, beyond the statements made by Clark and England's counsel regarding the amount of compensation, Clark and England's counsel vigorously cross-examined Dr. Edwards during trial and argued that Clark and England disagreed with the calculations provided by Dr. Edwards. This Court also finds that the district court was correct when it determined:

> Had there been a stipulation, the jury would not have been asked to determine the compensatory damages associated with Lara Stebbins' death. Rather, a figure for her economic loss would have been included on the jury's verdict form as the funeral expenses were and the jury would only have determined the value of Stebbins' emotional loss.

Finally, Stebbins argues that the testimony elicited by Clark and England's counsel on cross-examination of Stebbins regarding a potential new relationship was improper. Stebbins contends that questions addressing the possibility of remarriage in the future are not permissible and constitute reversible error. Although Stebbins's counsel objected when defense counsel asked Stebbins about a possible relationship, counsel did not object to the specific question concerning remarriage. Where a party fails to object to the admission of evidence, this Court must review the admission for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Chin*, 83 F.3d 83, 86 (4th Cir. 1996). Plain errors are those errors that seriously

affect the fairness, integrity or public reputation of judicial proceedings, and are obvious and substantial. *See Calcasieu Marine Nat'l Bank v. Grant*, 943 F.2d 1453, 1460 (5th Cir. 1991).

Although a majority of jurisdictions do not allow a jury to consider the possibility of remarriage in awarding damages for the wrongful death of a spouse, Stebbins has not presented cases or any controlling case law showing that such evidence as was presented in this case would constitute reversible error. *See Phelps v. Magnavox Co. of Tennessee*, 497 S.W.2d 898, 902 (Tenn. Ct. App. 1972); *Stephens v. Natchitoches Parish Sch. Bd.*, 110 S.O.2d 156, 166 (La. Ct. App.), *rev'd on other grounds*, 115 S.O.2d 792 (La. 1959); *Bell Aerospace Corp. v. Anderson*, 478 S.W.2d 191, 199 (Tex. Ct. App. 1972). Stebbins has not shown that the admission of such evidence, even if it were in error, affected the fairness, integrity or public reputation of the judicial proceedings. Stebbins argues that the amount of the jury award, by itself, constitutes strong circumstantial evidence that the jury improperly decided that Stebbins would soon remarry and would suffer economic loss and grief for only a short period of time. This Court has, however, established that the jury award is not inadequate as a matter of law. Because Stebbins has presented no explanation of how any obvious or substantial error affected the proceeding, Stebbins's motion for new trial on this ground must also be denied.

In summary, this Court cannot find that the verdict was against the clear weight of the evidence, based upon evidence which was false or that it would result in a miscarriage of justice. No credible evidence has been produced to show that the award of damages was not the product of a fair and impartial decision. This Court, therefore, cannot find that the damages were so inadequate as to shock the conscience or create the impression that the jury has been influenced by passion or prejudice.

*AFFIRMED*

TRAXLER, Circuit Judge, concurring in part and dissenting in part:

Lara Stebbins was a thirty-year-old working mother earning $27,700 a year for the benefit of her family. The defendants admitted responsibility for her death and called no witnesses. After hearing the

husband's expert on economic loss and cross-examining him, the defense attorney in closing argument asked the jury to award for economic loss alone the amount calculated by Stebbins's expert—more than $780,000. The jury gave the paltry sum of $58,000. In my view, this award is so inadequate that it "shock[s] the conscience and . . . create[s] the impression that the jury [was] influenced by passion or prejudice or . . . in some way misconceived or misinterpreted the facts or the law which should guide them to a just conclusion." *Downer v. CSX Transp., Inc.*, 507 S.E.2d 612, 614 (Va. 1998). Accordingly, I respectfully dissent on the issue of whether Stebbins was entitled to a new trial.

In diversity cases, questions about the adequacy of a jury's verdict are evaluated under state law, *see Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 437-38 (1996), and a district court's decision on a new-trial motion based on the excessiveness or inadequacy of the jury's verdict is reviewed for an abuse of discretion, *see id.* at 438. Under Virginia law, trial judges must

> supervis[e] the verdicts of juries to prevent miscarriages of justice. The law intends that the authority should be used and that judges should be more than mere referees between litigating parties . . . . If it appears that the verdict is so inadequate as to shock the conscience of the court and to create the impression that the jury has been influenced by passion, corruption or prejudice, *or has misconceived or misunderstood the facts or the law*, or if the award is so out of proportion to the injuries suffered to suggest that it is not the product of a fair and impartial decision, then it becomes the plain duty of the judge, acting within his legal authority, to correct the injustice.

*Johnson v. Smith*, 403 S.E.2d 685, 687 (Va. 1991) (internal alterations and citation omitted). "If the amount of the verdict returned bears no reasonable relation to the damages suggested by the facts in the case, and is manifestly out of line and at variance with the facts, courts must exercise control in the interest of fairness and justice." *Bradner v. Mitchell*, 362 S.E.2d 718, 720 (Va. 1987) (quoting *Glass v. David Pender Grocery Co.*, 5 S.E.2d 478, 481 (Va. 1939)).

The testimony in this case established that Lara Stebbins, who earned $27,700 per year at the time of her death, was focused on her career and had a strong work ethic. Her supervisor testified that Lara was an excellent employee with a promising future. Stebbins's expert valued the economic loss from Lara's death at $780,055. While the defendants cross-examined the expert and challenged certain assumptions underlying his calculations, the economic loss using the defendants' assumptions was still the very substantial sum of $595,319.

To be sure, Stebbins was not entitled to recover all of his wife's expected total earnings, but only that portion he might reasonably expect to receive. While Stebbins did not testify as to the precise percentage of his wife's earnings spent in support of the family, he did testify about certain items that he and his wife bought together, thus giving rise to an inference that both contributed to the support of the family. Moreover, the economic expert factored into his calculations the estimated amount of Lara's personal consumption and his figure therefore reflected only that portion of Lara's lost earnings that Stebbins could reasonably expect to receive. *See Dillingham v. Hall*, 365 S.E.2d 738, 739 (Va. 1988) (per curiam) ("A plaintiff's burden of proving the elements of damage with reasonable certainty requires him to furnish evidence of sufficient facts and circumstances to permit the fact-finder to make at least an intelligent and probable estimate of the damages sustained." (internal quotation marks omitted)).

Certainly the jury could have decided that the expert's assumptions about the raises Lara would have received or how long she would have worked were overly optimistic or that the expert understated the amount of her income she would have spent on herself. The jury could also have questioned the value placed by the expert on the services Lara performed for the family. While those concerns could reasonably have resulted in a verdict substantially less than the amount testified to by the expert, they do not justify the $58,000 verdict. *See Bradner*, 362 S.E.2d at 720 (explaining that the trial court must set aside a verdict if it "bears no reasonable relation to the damages suggested by the facts in the case, and is manifestly out of line and at variance with the facts"). The evidence from the economic expert and the other witnesses regarding the economic loss from Lara's death was not inherently incredible, and while it was challenged on certain points, it was not substantially impeached. The jury, therefore, was

not free to reject the evidence out-of-hand and award damages in an amount that bore no relation to the evidence presented at trial. *See, e.g.*, *Bradner*, 362 S.E.2d at 720 n.2 ("We have repeatedly held that although a trier of fact must determine the weight of the testimony and the credibility of witnesses, it may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with facts in the record, even though such witnesses are interested in the outcome of the case.").

Therefore, even without considering the extent to which Stebbins established his entitlement to an award for his emotional damages, I simply cannot find the jury's verdict to be reasonable compensation for the economic loss as established by the evidence presented at trial. *See Downer*, 507 S.E.2d at 615 (holding that "in deciding whether the jury's award is inadequate, the test is whether reasonable people could *not* conclude that the . . . award was reasonable compensation"). My review of the record convinces me that the jury must have been "influenced by passion, corruption or prejudice, or [must have] misconceived or misunderstood the facts or the law." *Johnson*, 403 S.E.2d at 687. Accordingly, I believe that the district court was required to set aside as inadequate the jury's verdict as to the death of Lara Stebbins, and I respectfully dissent as to that issue. *See id.* (explaining that if a verdict is so inadequate that it could not be "the product of a fair and impartial decision, then it becomes the plain duty of the judge, acting within his legal authority, to correct the injustice").