TRAXLER, Circuit J.,
concurring in part and dissenting in part:
Lara Stebbins was a thirty-year-old working mother earning $27,700 a year for the benefit of her family. The defendants admitted responsibility for her death and called no witnesses. After hearing the husband’s expert on economic loss and cross-examining him, the defense attorney in closing argument asked the jury to award for economic loss alone the amount calculated by Stebbins’s expert — more than $780,000. The jury gave the paltry sum of $58,000. In my view, this award is so inadequate that it “shock[s] the conscience and ... create[s] the impression that the jury [was] influenced by passion or prejudice or ... in some way misconceived or misinterpreted the facts or the law which should guide them to a just conclusion.” Downer v. CSX Transp., Inc., 256 Va. 590, 507 S.E.2d 612, 614 (Va.1998). Accordingly, I respectfully dissent on the issue of whether Stebbins was entitled to a new trial.
In diversity cases, questions about the adequacy of a jury’s verdict are evaluated under state law, see Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 437-38, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996), and a district court’s decision on a new-trial motion based on the excessiveness or inadequacy of the jury’s verdict is reviewed for an abuse of discretion, see id. at 438, 116 S.Ct. 2211. Under Virginia law, trial judges must
supervis[e] the verdicts of juries to prevent miscarriages of justice. The law intends that the authority should be used and that judges should be more than mere referees between litigating parties.... If it appears that the verdict is so inadequate as to shock the conscience of the court and to create the impression that the jury has been influenced by passion, corruption or prejudice, or has misconceived or misunderstood the facts or the law, or if the award is so out of proportion to the injuries suffered to suggest that it is not the product of a fair and impartial decision, then it becomes the plain duty of the judge, acting within his legal authority, to correct the injustice.
Johnson v. Smith, 241 Va. 396, 403 S.E.2d 685, 687 (Va.1991) (internal alterations and citation omitted). “If the amount of the verdict returned bears no reasonable relation to the damages suggested by the facts in the case, and is manifestly out of line and at variance with the facts, courts must exercise control in the interest of fairness and justice.” Bradner v. Mitchell, 234 Va. *205 483, 362 S.E.2d 718, 720 (Va.1987) (quoting Glass v. David Pender Grocery Co., 174 Va. 196, 5 S.E.2d 478, 481 (Va.1939)).
The testimony in this case established that Lara Stebbins, who earned $27,700 per year at the time of her death, was focused on her career and had a strong work ethic. Her supervisor testified that Lai*a was an excellent employee with a promising future. Stebbins’s expert valued the economic loss from Lara’s death at $780,055. While the defendants cross-examined the expert and challenged certain assumptions underlying his calculations, the economic loss using the defendants’ assumptions was still the very substantial sum of $595,319.
To be sure, Stebbins was not entitled to recover all of his wife’s expected total earnings, but only that portion he might reasonably expect to receive. While Stebbins did not testify as to the precise percentage of his wife’s earnings spent in support of the family, he did testify about certain items that he and his wife bought together, thus giving rise to an inference that both contributed to the support of the family. Moreover, the economic expert factored into his calculations the estimated amount of Lara’s personal consumption and his figure therefore reflected only that portion of Lara’s lost earnings that Stebbins could reasonably expect to receive. See Dillingham v. Hall, 235 Va. 1, 365 S.E.2d 738, 739 (Va.1988) (per curiam) (“A plaintiffs burden of proving the elements of damage with reasonable certainty requires him to furnish evidence of sufficient facts and circumstances to permit the fact-finder to make at least an intelligent and probable estimate of the damages sustained.” (internal quotation marks omitted)).
Certainly the jury could have decided that the expert’s assumptions about the raises Lara would have received or how long she would have worked were overly optimistic or that the expert understated the amount of her income she would have spent on herself. The jury could also have questioned the value placed by the expert on the services Lara performed for the family. While those concerns could reasonably have resulted in a verdict substantially less than the amount testified to by the expert, they do not justify the $58,000 verdict. See Bradner, 362 S.E.2d at 720 (explaining that the trial court must set aside a verdict if it “bears no reasonable relation to the damages suggested by the facts in the case, and is manifestly out of line and at variance with the facts”). The evidence from the economic expert and the other witnesses regarding the economic loss from Lara’s death was not inherently incredible, and while it was challenged on certain points, it was not substantially impeached. The jury, therefore, was not free to reject the evidence out-of-hand and award damages in an amount that bore no relation to the evidence presented at trial. See, e.g., Bradner, 362 S.E.2d at 720 n. 2 (“We have repeatedly held that although a trier of fact must determine the weight of the testimony and the credibility of witnesses, it may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with facts in the record, even though such witnesses are interested in the outcome of the case.”).
Therefore, even without considering the extent to which Stebbins established his entitlement to an award for his emotional damages, I simply cannot find the jury’s verdict to be reasonable compensation for the economic loss as established by the evidence presented at trial. See Downer, 507 S.E.2d at 615 (holding that “in deciding whether the jury’s award is inadequate, the test is whether reasonable people could not conclude that the ... award *206 was reasonable compensation”). My review of the record convinces me that the jury must have been “influenced by passion, corruption or prejudice, or [must have] misconceived or misunderstood the facts or the law.” Johnson, 403 S.E.2d at 687. Accordingly, I believe that the district court was required to set aside as inadequate the jury’s verdict as to the death of Lara Stebbins, and I respectfully dissent as to that issue. See id. (explaining that if a verdict is so inadequate that it could not be “the product of a fair and impartial decision, then it becomes the plain duty of the judge, acting within his legal authority, to correct the injustice”).