## CIRCUIT COURT OF FAIRFAX COUNTY

Daniel L. Crum

v.

Anonymizer, Inc.,
and Ntrepid Corp.

June 7, 2013

Case No. CL 2012-8172

By Judge Lorraine Nordlund

This matter came before the Court for hearing on April 12th, 2013, upon Plaintiff's Motion to Reconsider the Final Order and Motion for Judgment Notwithstanding the Verdict. At the conclusion of the hearing, the Court denied the Motion without prejudice on the issue of damages associated with the claim for commissions allegedly earned after Plaintiff's termination. The Court took the matter under advisement and ordered an additional briefing schedule on this issue. After careful consideration of the Motion, written briefs, and the relevant legal authority, the Court is prepared to rule in this matter.

### Background

On March 13th, 2013, the jury found that Defendant, Anonymizer, had breached the 2010 Anonymizer Sales Incentive Plan as to Plaintiff when it capped total commissions on Augusta and cut Plaintiff's commission percentage on Augusta from 6% to 3%. It awarded Plaintiff $139,458.17. The jury further found that Plaintiff had failed to prove his breach of contract claim against Defendants Anonymizer, Inc., and Ntrepid Corporation with regard to post-termination commissions. It is important to note that, in accordance with the finding instructions, one of the elements the jury was required to determine (before finding that the Defendants had breached on this specific issue) was a specific amount of damages related to post-termination commissions. Instructions C, S, and T are attached.

In his April 12th Motion for Judgment Notwithstanding the Verdict, Plaintiff asserted that the 2009 and 2010 Incentive Plans set forth the

explicit conditions Plaintiff had to satisfy to earn sales commissions and that no evidence had been presented at trial that he had failed to satisfy those conditions. It was Plaintiff's contention that the only evidence shown was that payments had ceased because he was no longer an employee. Although Defendants' evidence suggested that it was "corporate policy" to divest sales commissions after termination, they gave no evidence that continued employment was one of the conditions required by the Incentive Plans. Therefore, the jury had no basis upon which to conclude that continued employment was such a condition and should have awarded him the full amount requested.

In denying Plaintiff's initial Motion, the Court found that, despite the facts asserted above, Plaintiff had failed to present sufficient evidence on damages for the jury to award specific amounts to which he might be entitled with respect to post termination commissions. In particular, Plaintiff presented insufficient evidence on whether he was entitled to commissions on those accounts which were renewed after he was terminated. No information was presented regarding dates on which contracts ended or were renewed. Moreover, while Plaintiff submitted a summary of total commissions he would have expected to receive on post termination receipts, he failed to identify and articulate which commissions were received on his original contracts versus renewals. The jury therefore had no method or means to differentiate between commissions earned on contracts in existence before Plaintiff's termination and commissions earned on those contracts which were not in effect at the time of his termination but were renewed later.

The Plaintiff now moves this Court to reconsider its ruling on the grounds that there was no evidence presented on renewals which could have defeated his claims for the full amount. He further asks the Court to dismiss his claim for Declaratory Judgment without prejudice so that Plaintiff's right to commissions on future payments may be resolved on a case-by-case basis in the future.

*Analysis*

## A. *Evidence on Post-Termination Renewals*

Plaintiff contends that, while the evidence presented may have allowed the jury to question whether any commissions were required on renewals, this issue was never before them as a fact to be determined. He argues that, because there was no evidence that a renewal would prevent payment of commissions, Defendants were required to plead renewals as an affirmative defense, which they failed to do. However, Plaintiff misstates both the law and the evidentiary record. "The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff, (2) the defendant's violation or breach of that obligation, and (3) injury or damage

to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, L.L.C. v. Wright*, 277 Va. 148, 154 (2009) (*citing Filak v. George*, 267 Va. 612, 619 (2004)). In fact, the jury was instructed in Instruction C that one of the elements upon which the plaintiff had the burden of proof before he could prevail on his claim for post separation commissions was that he was actually entitled to commissions on future payments received for each individual contract. Moreover, at trial, Defendants spent a great deal of time explaining how renewals were essentially "new bids" and commissions were "never" paid on renewals. This evidence by Defendants was never controverted.

The plaintiff must show the elements of damage with reasonable certainty "by furnishing evidence of sufficient facts and circumstances to permit the fact-finder to make at least 'an intelligent and probable estimate' of the damages sustained." *Dillingham v. Hall*, 235 Va. 1, 4 (1988). It is not sufficient for the plaintiff to state his damages without explaining how he arrived at a particular amount. *Shenandoah Milling Co. v. Phosphate Products Corp.*, 161 Va. 642, 650 (1933).

In this case, the Court has already pointed out how Plaintiff failed to provide sufficient evidence. The evidence on damages was confusing, and there was no clear means or path for the jury to follow to make their determination. During deliberations, the jury specifically asked if they could be given a method of calculating the amount owed versus the total dollar figure. The Court has indicated that it sympathized with the jury's dissatisfaction in this regard, so much so, that, seeing this was going to be a potential issue, the Court made notes detailing the ways in which Plaintiff failed to meet its burden immediately upon returning to chambers. At the hearing on April 12th, the Court stated that Plaintiff should have prepared two separate amounts for the jury to consider, or at least provided easy and identifiable methods for the jury to determine (1) amounts received after termination on original contracts, or renewals for which he was already receiving commissions at the time of termination, and (2) amounts received after termination on renewals awarded on his original contracts. Since it was Plaintiff's burden to establish damages, his failure in clearly establishing the above constituted a failure to meet his burden.

## B. *Dismissal of Count for Declaratory Judgment*

Plaintiff provides no legal authority, nor can the Court find any, as to why the Court should dismiss this count after there has already been a decision on the merits and final judgment. The Court therefore declines to do so.

## *Conclusion*

For the reasons stated above, I deny Plaintiff's motion to reconsider.

The Final Order will be revised *nunc pro tunc* to correctly state that the jury's award is entered against both Defendants.

*Appendix*

Instruction C:

The issues in this case are:

(1) Did the Defendants breach the 2010 Sales Incentive Plan when they capped total commissions on Augusta?

(2) Did the Defendants breach the 2010 Sales Incentive Plan when they reduced Plaintiff's commission percentage from 6% to 3% on Augusta?

(3) Did the Defendants breach the Sales Incentive Plans when they stopped paying commissions to Plaintiff after his termination?

(4) Is Plaintiff entitled under the Sales Incentive Plans to commissions on future payments received for Augusta, Artemis, Riviera, and/or 02?

(5) If you find Plaintiff is entitled to damages, is Plaintiff entitled to prejudgment interest?

As to 1, 2, 3, and 4, above, the burden is on the Plaintiff to prove those issues by the greater weight of the evidence.

Instruction S:

If you find your verdict for the plaintiff, then he is entitled to recover as damages all of the losses he sustained, including gains prevented, that are a natural and ordinary result of the breach and that he has proved by the greater weight of the evidence.

Instruction T:

The burden is on the plaintiff to prove by the greater weight of the evidence each item of damage he claims. He is not required to prove the exact amount of his damages, but he must show sufficient facts and circumstances to permit you to make a reasonable estimate of each item. If the plaintiff fails to do so, then he cannot recover for that item.